Clarence WEST *v.* STATE of Arkansas

RC 88-68                                                           763 S.W.2d 69

Supreme Court of Arkansas
Opinion delivered December 19, 1988

*James P. Massie, P.A.*, by: *James P. Massie*, for appellant.

No response.

PER CURIAM. The petitioner was convicted on May 27, 1988, after his suspended sentence was revoked due to his possession of cocaine and drug paraphernalia. His notice of appeal was filed on June 27, 1988. The record was tendered to the clerk's office after the ninety day time limit had lapsed. *See* Ark. R. App. P. 5(a).

The petitioner filed a motion for rule on the clerk to compel the clerk's office to accept the record. In his motion, it is contended that the petitioner's mother called and inquired about the transcript after the notice of appeal was filed. The court reporter remembered telling her the cost of the transcript, but he did not treat the inquiry as a request for a transcript. The petitioner's attorney waited until the day before the ninety day time period for filing the transcript expired to call and check on the transcript. The court reporter returned his call the next day and told him that he was not aware of a request for the transcript and therefore no extension was requested.

■■ This court has held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *See, e.g., Tarry* v. *State*, 288 Ark. 172, 702 S.W.2d 804 (1986). Here, the attorney does not admit fault on his part but instead implies that there was a misunderstanding on the part of the court clerk. We have held that a statement that it was someone else's fault or no one's fault will not suffice. *Clark* v. *State*, 289 Ark. 382, 711 S.W.2d 162 (1986). Therefore, the petitioner's motion must be denied.

If the appellant's attorney files a motion and affidavit in this case accepting full responsibility for not timely filing the transcript, then the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.

PURTLE, J., would grant.