432

David CHANDLER *v.* STATE of Arkansas

CR 88-127                          762 S.W.2d 796

Supreme Court of Arkansas
Opinion delivered January 17, 1989

*Allen Law Firm*, by: *Arthur L. Allen*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. This appeal arises from the denial of post-conviction relief pursuant to Rule 37 wherein the appellant sought to prove ineffective assistance of counsel at trial and on appeal. It is these same two arguments which the appellant urges for reversal. As we find no prejudicial error, the decision of the trial court is affirmed.

In 1985 the appellant was charged and arrested for a burglary that occurred in Jacksonville, Arkansas. Attorney Marva Davis was appointed to represent the appellant on the burglary charge and on an unrelated charge which was to be tried later. The appellant was tried before the court on August 23, 1985, and sentenced as an habitual offender to a term of twenty years in the Arkansas Department of Correction. The appellant contends that, prior to commencement of the trial, he noticed that several alibi witnesses were not present in the courtroom and argues that he brought this to the attention of his attorney. The appellant insists that he had given the attorney the names of these witnesses in adequate time for her to have talked with and subpoenaed them for the trial. The appellate states specifically that he gave his attorney a work phone number for Terry Fulton, and the home phone number for Tammy, Julia, Darren, Alice and Patrick Fulton, and that they would have all been alibi witnesses at his trial had they been notified.

The attorney admitted that she did not contact the witnesses and that they were not at trial. However, she insisted that she had unsuccessfully tried to locate them and that it was the appellant's decision to go to trial rather than ask for a continuance. The full name, address, or telephone number of any of the six witnesses is not contained in the record. There is no written evidence relating to the alibi witnesses. Therefore, the trial court had to choose between believing the appellant or his

trial attorney. The court chose to believe the attorney, which is usually the case in situations like this. After all, the credibility of the witnesses is a matter within the discretion of the trial court. Obviously the trial court had the witnesses before it and no doubt had previously dealt with this attorney. We are in no position to say the trial judge abused his discretion in believing the attorney over the client.

■ The matter of who was at fault for not filing the appeal is also a credibility question. Again, the court believed the attorney's version of what occurred after trial on the issue of whether notice of appeal should have been filed. Rule 11(h) of the Rules of the Arkansas Supreme Court requires that an attorney representing an accused at the trial of his case who wishes to withdraw has a duty to request permission to do so from the trial court. He must also state the reasons for withdrawing and furnish his client a copy of the request. Additionally, if the request is granted, the attorney must furnish the defendant a copy of the order authorizing him to withdraw.

■■ Ineffective assistance of counsel may result when there is a failure on the attorney's part to take reasonable steps to procure the attendance of a witness if material to the defense. *Walker v. Lockhart*, 807 F.2d 136 (8th Cir. 1986). When counsel is not given complete information concerning the location of witnesses, the burden of the appellant to prove ineffective assistance of counsel is more difficult. We note that there is no record presented in the present case showing the addresses and telephone numbers of these six witnesses. This, no doubt, is something the trial court considered in weighing the credibility of the witnesses at the Rule 37 hearing. Credibility is peculiarly within the province of the trier of fact. *Owens v. State*, 296 Ark. 322, 756 S.W.2d 899 (1988). The decision of the trier of fact is binding on appeal in the absence of proof of abuse of discretion by the trial court.

■ Effective assistance of counsel is a fundamental requirement which cannot be denied any person accused or convicted of a serious crime. *Finney v. State*, 265 Ark. 941, 582 S.W.2d 19 (1979). Failure of the trial counsel to perfect an appeal amounts to a denial of the defendant's right to effective assistance of counsel. *Blakely v. State*, 279 Ark. 141, 649 S.W.2d

187 (1983). Trial counsel, whether retained or appointed, shall continue to represent a convicted defendant throughout the appeal unless permitted by either the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause. *Lewis* v. *State*, 279 Ark. 143, 649 S.W.2d 188 (1983). A.R.Cr.P. Rule 36.26. When counsel knows that his client desires an appeal he is obligated to file notice of appeal or to obtain permission to withdraw. *Lewis* v. *State*, supra.

A trial court is not always bound to take the word of an attorney over his client. The conflict in the testimony between the appellant and his attorney could have been avoided had the attorney made a written record to protect herself.

Affirmed.