John R. WORTHINGTON *v.* STATE of Arkansas

RC 89-73                                                786 S.W.2d 117

Supreme Court of Arkansas
Substituted order delivered March 26, 1990.

*T.B. Patterson, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

Petitioner, John R. Worthington, is attempting to appeal

from a conviction of first offense DWI.

Worthington has requested that the clerk accept the record tendered as a result of his notice of appeal. The clerk has refused to file the record because it was not tendered in conformance with Ark. R. App. P. 5(a) and 5(b).

Rule 5(a) provides in pertinent part as follows:

The record on appeal *shall be filed* with the clerk of the Arkansas Supreme Court *and docketed therein within 90 days from the filing of the first notice of appeal*, unless the time is extended by order of the trial court . . . .

Rule 5(b) provides in pertinent part as follows:

In cases where there has been designated for inclusion any evidence or proceeding at the trial or hearing which was stenographically reported, the trial court, upon finding that a reporter's transcript of such evidence or proceeding has been ordered by appellant, and upon a further finding that an extension is necessary for the inclusion in the record of evidence or proceedings stenographically reported, may extend the time for filing the record on appeal, *but the order of extension must be entered before the expiration of the period for filing as originally prescribed or extended by a previous order* . . . .

(Emphasis added.)

The relevant dates in this case are as follows:

| | |
|---|---|
| May 9, 1989 | Judgment |
| June 7, 1989 | Notice of appeal |
| September 7, 1989 | Order granting extension |
| October 24, 1989 | Record tendered to clerk |

The time period between the notice of appeal and the order granting an extension of time for the filing of the record is 92 days; consequently, Worthington's counsel has not complied with the proper procedure for filing the record.

We have held that where a defendant's attorney admitted that the record was tendered late due to his miscalculation of the time for filing the record, then such error, admittedly made by the attorney for a criminal defendant, was good cause to grant the

motion for rule on the clerk. *Robbins* v. *State*, 287 Ark. 199, 697 S.W.2d 118 (1985). Conversely, we have stated that where the attorney does not admit fault on his part for the failure to timely file a transcript, then good cause is not shown for granting a motion for rule on the clerk. *West* v. *State*, 297 Ark. 392, 763 S.W.2d 69 (1988).

■ Worthington's counsel states that he "will promptly submit to the Court an affidavit accepting responsibility for the failure to timely file the transcript . . . upon the ruling of the Court that will allow such pleadings to be effective." However, this statement by Worthington's counsel does not admit fault for the untimely filing of the record.

■ Effective assistance of counsel is a fundamental requirement which cannot be denied any person accused or convicted of a serious crime, and failure of the trial counsel to perfect an appeal of a conviction of a serious crime amounts to a denial of the defendant's right to effective assistance of counsel. *Chandler* v. *State*, 297 Ark. 432, 762 S.W.2d 796 (1989).

Ark. Code Ann. § 5-65-103 (1987), addresses the offense of DWI:

> (a) It is unlawful and punishable as provided in this act for any person who is intoxicated to operate or be in actual physical control of a motor vehicle.

> (b) It is unlawful and punishable as provided in this act for any person to operate or be in actual physical control of a motor vehicle if at that time there was one-tenth of one percent (0.10%) or more by weight of alcohol in the person's blood as determined by a chemical test of the person's blood, urine, breath, or other bodily substance.

Ark. Code Ann. § 5-65-111 (1987) provides for the prison term, in regard to the first offense, as follows:

> (a) Any person who pleads guilty, nolo contendere, or is found guilty of violating § 5-65-103 may, for a first offense, be imprisoned for no less than twenty-four (24) hours and no more than one (1) year, except that the court may order public service in lieu of jail, and, in such instance, the court shall include the reasons therefor in its written order or

judgment.

Worthington was convicted of driving while intoxicated, first offense, and "sentenced to serve two days in the White County Detention Center, with credit for two days already served, and the Defendant shall attend mandatory DWI School as required by Arkansas law."

In *Alexander* v. *State*, 258 Ark. 633, 527 S.W.2d 927, we held that an uncounseled municipal court conviction involving only a fine and valid for that purpose cannot be collaterally used to revoke a suspended sentence since the effect is the actual deprivation of a person's liberty without the guiding hand of counsel; although, it may be shown that the facts giving rise to the municipal court conviction are sufficient themselves to revoke a suspended sentence.

In *Alexander* v. *State, supra*, we stated:

In considering the right of an indigent to the appointment of counsel in misdemeanor cases, the Untied States Supreme Court in *Argersinger* v. *Hamlin*, 407 U.S. 25 (1972), commented as follows:

We must conclude, therefore, that the problems associated with misdemeanor and petty offenses often require the presence of counsel to insure the accused a fair trial. MR. JUSTICE POWELL suggests that these problems are raised even in situations where there is no prospect of imprisonment. *Post*, at 48. We need not consider the requirements of the Sixth Amendment as regards the right to counsel where loss of liberty is not involved, however, for here petitioner was in fact sentenced to jail. And, as we said in *Baldwin* v. *New York*, 399 U.S., at 73, "the prospect of imprisonment for however short a time will seldom be viewed by the accused as a trivial or 'petty' matter and may well result in quite serious repercussions affecting his career and his reputation."

We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.

In addition, it was held in *Scott* v. *Illinois*, 440 U.S. 387 (1979), that:

> The Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.

■ Although Worthington's pleadings do not establish whether his counsel was retained or appointed, the Sixth Amendment's right to counsel applies to both indigent defendants and to defendants who retain counsel. *See Cuyler* v. *Sullivan*, 446 U.S. 335 (1980).

■ The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland* v. *Washington*, 466 U.S. 668 (1984). Inadequate assistance does not satisfy the Sixth Amendment right to counsel made applicable to the States through the Fourteenth Amendment. *Cuyler* v. *Sullivan, supra.* Accordingly, Worthington's sentence of two days imprisonment entitled him to the effective assistance of his counsel.

■ In this case, Worthington's counsel did not comply with the proper procedure for filing the record in his client's appeal, in that he tendered the record two days after the filing deadline, Ark. R. App. P. 5(a) and 5(b); as a result, his actions constitute ineffective assistance of counsel. *See Chandler* v. *State, supra.* Consequently, in view of the holdings in *Scott* v. *Illinois, supra, Alexander* v. *State, supra*, and *Chandler* v. *State, supra*, we find that Worthington's motion for rule on the clerk should be granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.