James A. DUTY *v.* STATE of Arkansas

CA CR 92-1392                                         871 S.W.2d 400

Court of Appeals of Arkansas
Division II
Opinion delivered February 9, 1994

2

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Appellant, James A. Duty, was found guilty by the circuit court, sitting without a jury, of speeding and driving under a suspended driver's license, for which he was fined $50.00 and $500.00, respectively, and ordered to pay court costs. Appellant raises several arguments on appeal. We find sufficient merit in one of his points to warrant reversal and remand for a new trial.

We first consider appellant's argument that he was denied his constitutional right to a jury trial. Arkansas law gives every criminal defendant the right to a jury trial. The right "shall remain inviolate" unless "waived by the parties . . . in the manner prescribed by law." Ark. Const. art 2, §§ 7, 10; *see Winkle* v. *State*, 310 Ark. 713, 841 S.W.2d 589 (1992). The criminal defendant is not required to demand a jury trial, and the contemporaneous objection rule is inapplicable to the failure to afford one a trial by jury. *Calnan* v. *State*, 310 Ark. 744, 841 S.W.2d 593 (1992). "The burden is on the trial court to assure that, if there is to be a waiver of the right to a jury trial in a criminal case, it be done in accordance with the Rule by which we have implemented our Constitution." *Id.*, 310 Ark. at 749, 841 S.W.2d at 596. In order for a defendant to waive his right to a jury trial, he must personally make an express declaration in writing or in open court.[1] Ark. R. Crim. P. 31.2; *Calnan* v. *State, supra*. A waiver is the intentional relinquishment of a known right. *Win-*

---

[1] In misdemeanor cases, where only a fine is imposed by the court, a jury trial may be waived by the defendant's attorney. Ark. R. Crim. P. 31.3. However, this rule is not applicable to the case before us as appellant was not represented by counsel.

*kle* v. *State, supra; Calnan* v. *State, supra.* For a waiver to exist, there must be a "voluntary abandonment or surrender, by a capable person, of a right known by him to exist, with the intent that such right shall be surrendered." *Franklin* v. *State*, 251 Ark. 223, 229, 471 S.W.2d 760, 764 (1971). Furthermore, the waiver of a jury trial must be knowingly, intelligently, and voluntarily made, and such must be demonstrated on the record or by the evidence. See *Williamson* v. *Lockhart*, 636 F. Supp. 1298 (E.D. Ark. 1986); *see also Dranow* v. *United States*, 325 F.2d 481 (8th Cir. 1963). A person makes a knowing and intelligent waiver when the person knows that the right exists and has adequate knowledge upon which to make an intelligent decision. *Franklin* v. *State, supra.*

In the record now before us, the following discussion took place well into the trial, just before the State rested its case:

> THE COURT: . . . I just noticed in the file that there was a demand for a jury trial by the defendant, at which time the State advised the defendant, I believe, and advised the Court that it was not seeking any incarceration in the —
>
> [PROSECUTING ATTORNEY]: That's correct. We'd waive any jail time.
>
> THE COURT: — in the event of a conviction in this case. And, as I understand it, the defendant has withdrawn his request for a jury trial. Is that —
>
> [PROSECUTING ATTORNEY]: That's correct, Your Honor. We would waive any requirement for —
>
> THE COURT: Is that correct, Mr. Duty?
>
> [APPELLANT]: That's the way that I understood it when I left Mr. Harper's office.

Appellant argues that he was erroneously led to believe that he had no constitutional right to a jury trial if no incarceration was imposed. He further argues that he responded only to the remarks concerning the potential for incarceration, not to the issue of a jury trial.

From our reading of the foregoing, we cannot conclude that it constitutes an "express declaration" by appellant of an "intentional relinquishment" of his right to a jury trial. *See Calnan* v. *State, supra.* Two separate questions (the possibility of

incarceration and waiver of a jury trial) were being discussed at the same time, and appellant's response to the court was ambiguous at best. Therefore, we reverse and remand for a new trial.

Appellant, who proceeded *pro se*, also argues that he was denied his right to appointed counsel at the trial. We cannot agree. An indigent defendant does not have a right to appointed counsel in a misdemeanor case unless there is a sentence to imprisonment. *Scott* v. *Illinois*, 440 U.S. 367 (1979); *Worthington* v. *State*, 301 Ark. 354, 786 S.W.2d 117 (1990); Ark. R. Crim. P. 8.2(b). Assuming for the purposes of this argument that appellant was indigent, the trial court did not err in not affording appellant an attorney as there was no sentence to incarceration.

Appellant next contends that the trial court erred in denying his motion for a continuance made just before trial. As the basis for this motion, appellant stated that he thought that a plea bargain agreement had been reached; thus, he had failed to obtain the presence of a material witness and was unprepared for trial. Although we find no abuse of discretion in the trial court's denial of the motion, we do not address this matter further as it is not likely to occur again on retrial.

Appellant also argues that the trial judge erred in not disqualifying himself from presiding over appellant's case. Appellant moved for the trial judge's recusal, stating that the judge was prejudiced against him and that the judge could be called as a material witness. Appellant stated that in speaking with the court on his first motion for a continuance, the court appeared to appellant to be prejudiced against him. Appellant further stated that the trial judge would be called as a material witness to testify to the fact that appellant had contacted the judge years earlier, while the judge was in private practice, for legal representation and the judge refused.

A judge's recusal is discretionary, and his decision will not be reversed absent a showing of an abuse of discretion. *Woods* v. *State*, 278 Ark. 271, 644 S.W.2d 937 (1983); *Korolko* v. *Korolko*, 33 Ark. App. 194, 803 S.W.2d 948 (1991); *Chancellor* v. *State*, 14 Ark. App. 64, 684 S.W.2d 831 (1985). Further, judges are presumed to be impartial and the party seeking disqualification bears a substantial burden in proving otherwise. *Chancellor* v. *State, supra*.

■ From our review of the record before us, we find no evidence of bias or prejudice. At the trial, the judge stated that he was not prejudiced against the appellant and was unfamiliar with the facts of the case. The Arkansas Supreme Court, in *Roe v. Dietrich*, 310 Ark. 54, 835 S.W.2d 289 (1992), stated that Canon 3.C(1) of the Arkansas Code of Judicial Conduct, which requires recusal for bias and personal knowledge of the facts, does not preclude participation of a judge who has obtained knowledge of facts through previous judicial participation in it. The fact that a judge may have an opinion concerning a case does not dictate that a recusal is required. *Rush v. Wallace*, 23 Ark. App. 61, 742 S.W.2d 952 (1988). In that instance, whether recusal is required lies within the judge's conscience. *Allen v. Kizer*, 294 Ark. 1, 740 S.W.2d 137 (1987); *Rush v. Wallace, supra.*

■■ When it becomes necessary for a judge to testify as a material witness, the judge must recuse himself. Arkansas Code of Judicial Conduct, Canon 3.C(1)(d)(iv). However, the fact that a judge improperly fails to recuse himself does not result in reversible error unless there is a showing of prejudice from the failure to recuse. *Elmore v. State*, 13 Ark. App. 221, 682 S.W.2d 758 (1985). From our review of the record, appellant has not shown how the fact that the appellant contacted the judge years earlier, when the judge was in private practice, for legal representation, would be relevant to this case. Nor has appellant shown how the judge would be a necessary and material witness in the present case. Finally, appellant has not shown how he was prejudiced by the judge's failure to recuse. From the review of the record, we cannot conclude that the judge abused his discretion in failing to recuse.

Appellant finally argues that the trial court erred in imposing upon appellant the maximum fine for driving under a suspended driver's license. There is no dispute that the fines imposed here were within statutory limits. Appellant contends that the court erroneously failed to consider his financial status when imposing sentence.

■ Appellant's reliance on *Drain v. State*, 10 Ark. App. 338, 664 S.W.2d 484 (1984) is misplaced. *Drain* concerned revocation of a suspended sentence and imposition of a sentence to imprisonment for the defendant's failure to pay a fine, and is inapposite to the facts of this case, which involves the initial sentencing. Appellant's argument that the trial court was required to

consider his financial condition is premature. If appellant should fail to pay his fines, and he is ordered to show cause why he should not be imprisoned for non-payment, his ability to pay should be considered at that time. *See* Ark. Code Ann. 5-4-203 (Repl. 1993). We cannot conclude that the trial court abused its discretion in fining appellant.

Reversed and remanded.

ROBBINS and ROGERS, JJ., agree.