The Honorable Billy Joe Purdom State Representative Route 1, Box 135B Yellville, AR 72687
Dear Representative Purdom:
This is in response to your request for an opinion on the following questions:
 (1) When a ticket is written by a policeman and the ticket is paid by the individual before the court date, does that individual have to pay court costs?
 (2) Does the City have to provide an attorney for an indigent person in Municipal Court? Also, is the City required to provide an attorney for an indigent under any circumstances?
In response to your first question, it is my opinion that an individual is responsible for any court costs lawfully accrued at the time he or she pays such a ticket. The type and number of such costs, of course, will vary in each instance. Some costs may be reflected in the amount of the ticket and when a ticket is paid before the court date, there may be no further costs. If, however, additional costs have been lawfully incurred by an individual in connection with a ticket, it is my opinion that the individual must pay them. As I discussed in Opinion No. 92-353, municipal courts may not disregard state statutes, activated through local ordinances, mandating the levy of court costs.
In response to your second question, it is well-established that under the United States Constitution, an indigent defendant is entitled to counsel in any criminal proceeding in which he is actually sentenced to jail. See Scott v. Illinois, 440 U.S. 367 (1979). This principle is reflected in Rule 8.2(b) of the Arkansas Rules of Criminal Procedure, which provides:
 Whenever an indigent accused is charged with a criminal offense and, upon being brought before any court, does not knowingly and intelligently waive the appointment of counsel to represent him, the court shall appoint counsel to represent him unless he is charged with a misdemeanor and the court has determined that under no circumstances will imprisonment be imposed as a part of the punishment if he is found guilty.
See also Worthington v. State, 301 Ark. 354, 786 S.W.2d 117
(1990).
Thus, absent a valid waiver of the right to counsel, it appears that a municipal court must appoint counsel for an indigent defendant unless the court has determined that no imprisonment will be imposed for the offense. Because uncounseled convictions may not be used collaterally to enhance punishment for a later offense, a municipal court might choose in some cases to appoint counsel even though it is not required. See Lovell v. State, 283 Ark. 425, 678 S.W.2d 318 (1984). In making such appointments, reference should be made to the public defender provisions found at A.C.A. 16-87-101 to -112 (1987 and Supp. 1993). The payment of counsel appointed to represent an indigent defendant in municipal court is addressed in A.R.Cr.P. Rule 8.2(c) and A.C.A. 14-20-102 (Supp. 1993).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh