

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–970

CHRISTOPHER LEE PASCHALL
APPELLANT

V.

STATE OF ARKANSAS
APPELLEE

Opinion Delivered April 23, 2014

APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT
[NO. CR13-574-1]

HONORABLE WILLIAM A. STOREY, JUDGE

AFFIRMED

## RITA W. GRUBER, Judge

Christopher Lee Paschall appeals his jury conviction for the misdemeanor offense of shoplifting, a charge arising from an incident at a Walmart Neighborhood Market in Springdale around 2:30 a.m. on October 3, 2012. Paschall contends on appeal that the circuit court erred (1) in excluding testimony by his witness who would have provided alibi testimony, and (2) in allowing him to discharge his attorneys and proceed pro se without first ensuring that he had voluntarily waived his right to counsel. He argues that reversal is warranted because these violations of his Sixth Amendment rights were highly prejudicial to him. We affirm.

Despite the State's previous inquiry as to who would testify for the defense, Paschall did not disclose his witness Craig Smith until the afternoon before trial, which was held on July 18, 2013. After the jury was seated at trial, the court called a recess to address the State's objection to calling Smith. Paschall's counsel stated:

We [had] knowledge of an alibi witness the past couple of days, had trouble getting a hold of this witness, so we were treating it as unavailable. It came to our attention yesterday afternoon at approximately 3:30 that this witness would be available today. As soon as I learned this, I did contact the State.

The State responded that it had not had time to prepare for or talk with the witness and that allowing his testimony would be unfair. Counsel then requested a continuance "so that we can properly give that information to the State and have him." The court denied the request, stating that the case had been pending since April 2013 and needed resolution.

Counsel then proffered the following testimony by Smith regarding Paschall's whereabouts on the night at issue: Paschall arrived at Smith's home around 11:00 p.m., they watched *Duck Dynasty* all evening and drank beer until about 4:00 a.m., Paschall slept on the couch, and he left around 10:00 a.m. the same day. Finding that the State had not been given reasonable notice, the court again ruled that it would not permit the witness to testify. The case proceeded to trial.

At the close of the State's case, the circuit court denied a motion by the defense for a directed verdict. The defense again attempted to introduce Smith's testimony, and the court again sustained the State's objection because the witness had not been disclosed until late the previous afternoon. At this point, Paschall's court-appointed attorneys informed the court that Paschall wanted to represent himself and to relieve them as his counsel. When Paschall confirmed the accuracy of his counsels' statement, the court informed him:

I'm gonna give you an opportunity to be heard. Well, I think, quite frankly, it's a mistake unless you're trained in the law and licensed to practice law to represent yourself. You have a right to do that and if you elect to do that, I'm going to appoint [your present attorneys] as stand-by counsel and you can consult with them, but I think it's a mistake, especially at this point in this trial. As I say, I think it's a mistake

to do that but it's your decision and if that's what you wish to do then you can do it.

Paschall then requested time to obtain other representation. The court denied the request and

the following colloquy took place:

> THE COURT: [T]oday is the day to resolve this case. I've appointed two very capable lawyers to represent you. I think it's a mistake to discharge your lawyers but you have a right to do that. And if you want to do that and represent yourself then I'll permit you to do it with standby counsel here.
>
> PASCHALL: I do, Judge.
>
> THE COURT: All right, that's fine.

Paschall then proceeded to represent himself, putting on a case for the defense without the

testimony of Craig Smith. After the jury returned its guilty verdict, Paschall argued at the

sentencing phase that he should not receive any jail time. The jury sentenced him only to a

$1000 fine.

## I. *Exclusion of Smith's Testimony*

Matters pertaining to the admissibility of evidence are left to the sound discretion of

the circuit court; such a ruling will not be reversed absent an abuse of that discretion nor

absent a showing of prejudice, which is not presumed. *McEwing v. State*, 366 Ark. 456, 237

S.W.3d 43 (2006). Rule 18.3 of the Arkansas Rules of Criminal Procedure (2013) requires

that

> the prosecuting attorney shall, upon request, be informed as soon as practicable before trial of the nature of any defense which defense counsel intends to use at trial and the names and addresses of persons whom defense counsel intends to call as witnesses in support thereof.

Rule 19.7, entitled *Failure to Comply: Sanctions*, allows the court to take various actions: order

a non-compliant party to permit discovery or inspection of materials not previously disclosed, grant a continuance, prohibit the non-compliant party from introducing in evidence the material not disclosed, or enter such other order as it deems proper under the circumstances. Ark. R. Crim. P. 19.7(a) (2013); *see also Williams v. State*, 338 Ark. 178, 992 S.W.2d 89 (1999).

Paschall does not challenge the trial court's exercise of discretion in excluding the testimony of his witness. Instead, he relies on his constitutional right to call witnesses in his own defense. *See Rock v. Arkansas*, 483 U.S. 44, 52 (1987) (holding that the Compulsory Process Clause of the Sixth Amendment "grants a defendant the right to call 'witnesses in his favor,' a right that is guaranteed in the criminal courts of the States by the Fourteenth Amendment") (quoting *Washington v. Texas*, 388 U.S. 14, 17–19 (1967)). He argues that the exclusion of his witness's testimony—the most severe sanction available—hindered the truth-seeking function of the court and was inappropriate because there were no dilatory or oppressive tactics on his part. *Cf. Taylor v. Illinois*, 484 U.S. 400, 417 (1988) (holding that "the case fits into the category of willful misconduct in which the severest sanction is appropriate"). However, Paschall made no arguments below based on this constitutional right or related case law, and he thus is barred from doing so on appeal. *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144.

## II. *Waiver of the Right to Counsel*

Paschall contends that the circuit court erred by allowing him to discharge his attorneys and proceed pro se without ensuring a voluntary waiver of his Sixth Amendment right to

counsel. He raises three arguments under this point: that his request for time to find representation made it clear that he did not want to represent himself; that he was not made aware of the disadvantages and risks of self-representation, and thus did not timely and unequivocally waive his right to counsel; and that his stand-by counsel did not provide sufficient assistance to render his involuntary waiver moot.

The right of a criminal defendant to represent himself and to make his own defense personally is implicit in the Sixth Amendment right to counsel. *Richard v. State*, 2012 Ark. App. 468. A defendant in a criminal case may invoke his right to defend himself pro se provided that (1) the request to waive the right to counsel is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct that would prevent the fair and orderly exposition of the issues. *Mayo v. State*, 336 Ark. 275, 984 S.W.2d 801 (1999). The trial court must explain to the accused that he is entitled as a matter of law to an attorney, must question him to determine if he can afford to hire a lawyer, and must explain the importance of having an attorney's assistance during trial and the impediments of not having an attorney. *Id.* We have previously noted, however, that "[a]n indigent defendant does not have a right to appointed counsel in a misdemeanor case unless there is a sentence to imprisonment." *Duty v. State*, 45 Ark. App. 1, 5, 871 S.W.2d 400, 402 (1994) (citing *Scott v. Illinois*, 440 U.S. 367 (1979)).

We agree with the State that, despite the circuit court's incomplete warnings to Paschall, the court's determination regarding his ability to represent himself was not clearly erroneous in light of the fact that no jail time was imposed. Although the better practice



would have been a more thorough explanation, questioning, and oral findings by the circuit court, there was no error in its determination that Paschall could represent himself at trial.

Affirmed.

PITTMAN and HARRISON, JJ., agree.

*Snively Law Firm*, by: *Nick Churchill*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Pamela A. Rumpz*, Ass't Att'y Gen., for appellee.