RITA W. GRUBER, Judge 1 ¶ Appellant Jacqueline Ferguson was convicted by a jury in the Lonoke County Circuit Court of second-degree domestic battering for physically abusing her child, LF, who was four years old at the time of the incident. Appellant argues on appeal that the circuit court abused its discretion, first, for denying her motion to recuse from the case and, second, for refusing to accept her waiver of a jury trial. Because we hold that the circuit court-did not abuse its. discretion in either ruling, we affirm appellant’s conviction. The issues before us in this case arose out of a dependency-neglect action, also in the Lonoke County Circuit Court. That case began after a call was placed to the Arkansas Child Abuse Hotline on March 31, 2014, reporting that appellant had physically abused two of her adopted children, LF and ZF. At the time, appellant and her husband were serving as licensed foster parents. An adjudication hearing was held on July 1, 2014, at the conclusion of which, |2appellant’s children were adjudicated dependent-neglected.[1] At the adjudication hearing, the court heard the testimony of appellant’s two teenage foster daughters; Dr. Karen Farst, a pediatrician from Arkansas Children’s Hospital, who specialized in child-abuse pediatrics; several lay witnesses familiar with the children, who testified that the children had skin problems and allergies; and Dr. Brad White, a dermatologist, who testified that marks on LF were consistent with a skin condition called urticaria. At the conclusion of the hearing, the court made the following statements: I find that there’s dependent neglect. I do find that the allegations have been substantiated by proof beyond a preponderance of the evidence. The child is dependent neglect. There was physical abuse of the child younger than six years of age. I don’t see. how. you can find anything else. In the. meantime, on June 13, 2014, the State filed an information for domestic battering against appellant in this criminal case. The judge who had heard the dependency-neglect matter was assigned to this ease, too. On September 2, 2014, appellant filed a motion for recusal, arguing that the judge had presided over a juvenile case involving the “exact same” allegations that were involved in the criminal case and had “rendered a decision against [appellant] in the juvenile court proceeding.” Therefore, appellant alleged, she should recuse pursuant to Rule 2.11(A)(6)(d) of the Arkansas Code of Judicial. Conduct, which requires a judge to disqualify herself in any proceeding in which her “impartiality might reasonably be questioned,” including circumstances where the judge “previously presided as a judge over 13the matter in another court.” Ark.Code Jud.' Conduct, Rule 2.11 (2015). Appellant also argued that the judge should recuse under Rule 2.11(A)(1), which provides as follows: “The judge has a personal bias or prejudice concerning a party ... or personal knowledge of facts that are in dispute in the proceeding.” Id. Appellant then waived her right to a jury trial. The circuit court held a hearing on both matters and entered an order on November 5, 2014, denying appellant’s motion to recuse and an order on November 26, 2014, denying appellant’s waiver of a jury trial. The court entered an additional order on February 3, 2015, indicating that she had denied appellant’s request, for a bench -.trial and set a jury trial because appellant believed that the court harbored a bias against her or had prejudged the disposition in the criminal case due to her involvement in the juvenile case. A jury trial was held’ on February 4 and 5, 2015, where the same witnesses who testified in the juvenile hearing presented testimony. The jury found appellant guilty' of second-degree domestic battering and sentenced her to five years in the Arkansas 'Department of Correction with an additional one-year enhanced penalty for committing the offense in the presence of a child. Appellant immediately filed a motion for the setting of an appeal bond. The judge advised from the bench, “I do not do appeal bonds.” On February 9, 2015, appellant filed a motion for reconsideration of the court’s “denial” of her appeal bond to which the State responded, and which the court denied in formal orders entered on February 24 and March 24, 2014. I. Recusal For her first point on appeal, appellant contends that Judge Elmore abused her ^discretion in refusing to re-cuse because she had presided over the same matter in another court, she, had personal knowledge of the facts that were in dispute in appellant’s criminal proceeding, and she exhibited the appearance of bias against appellant. We turn to the relevant law and our standard of review. A judge has a duty to hear a'case unless there is a valid' reason to disqualify. Perroni v. State, 358 Ark. 17, 186 S.W.3d 206 (2004). Moreover, a judge is presumed to be impartial, and the party seeking recusal “bears a substantial burden in proving otherwise.” Duty v. State, 45 Ark. App. 1, 5, 871 S.W.2d- 400, 402 (1994); see also Porter v. Ark. Dep’t of Health & Human Servs., 374 Ark. 177, 191, 286 S.W.3d 686 (2003). A judge’s recusal is discretionary, and her decision will not be reversed absent a showing of abuseof discretion. Duty v. State, 45 Ark. App. 1, 871 S.W.2d 400 (1994). Finally, a judge’s improper failure to recuse herself does not result in reversible error unless'there is a showing of prejudice from the failure to recuse. Id. To support her argument, appellant cites the following authority — found within Canon 2 of the Arkansas Code of Judicial Conduct — -which governs a-judge’s decision whether to disqualify in a particular case. Rule 2.11. Disqualification (A) A judge shall disqualify himself or herself 'in any proceeding in which the judge’s impartiality might reasonably be questioned, including but not. limited to the following circumstances: (1) The judge has a personal bias • or prejudice concerning a party or a party’s ■lawyer, or personal knowledge of facts that are in dispute , in the proceeding. [[Image here]] (6) The judge: ... (d) previously presided as a judge over the matter in another court. Ark. Code Jud. Conduct, Rule 2.11. ■ |BShe argues that the judge presided over a juvenile dependency-neglect action against appellant and in this criminal case in which the exact saíne witnesses and testimony were presented against her. She also contends that the judge had already determined appellant’s guilt before her criminal trial, as evidenced by her concluding statements at the adjudication hearing: “There was physical abuse of the child younger than six years.of age. I don’t see how you can find anything else.” Finally, she argues that the judge obtained personal knowledge of the precise facts in dispute in the criminal trial by presiding over the adjudication in which all of the allegations, witnesses, and evidence presented would be presented in the criminal trial. Appellant contends that bias was demonstrated by the court’s refusal to accept appellant’s waiver of a jury trial, despite the State’s assent thereto; its denial of appellant’s motions for, directed verdict; and its denial of appellant’s' motion for the setting of an appeal bond. : . First, we have held -that the language in Rule 2.11(A)(1), referring to 'a judge’s “personal knowledge of the facts,” does not preclude participation of a judge who obtained that knowledge through previous judicial participation. Duty, 45 Ark. App. at 6, 871 S.W.2d at 408. “The fact that a judge may have an opinion concerning a cáse does not dictate that a recusal is required.” Id., 871 S.W.2d at 403 (citing Rush v. Wallace, 23 Ark. App. 61, 742 S.W.2d 952 (1988)). In that instance, whether recusal is required lies within the judge’s conscience. Id. Appellant presents neither argument nor evidence that the judge in this case had any persdnal knowledge about the ease other than the knowledge that she acquired acting as a judge in the. dependency-neglect matter. | (¡Regarding Rule 2.11(A)(6)(d), wé can find no law, and appellant cites none, suggesting that “the matter” that the judge previously presided over in another court refers to such different proceedings as a dependency-neglect proceeding in a juvenile case and a criminal case. And we. are not persuaded. that these two cases are “the same matter.” Although appellant argues that the juvenile proceeding was “against” her, it was not. In a dependency-neglect case, the court’s findings concern the child, not the parent. The court in the juvenile case at issue here found that the child was dependent neglected; who was at fault was not in issue. Moreover, the burden of proof was a preponderance of the evidence. Conversely, in appellant’s criminal case,.the findings were made against appellant and were found beyond a reasonable doubt. Furthermore, and critically important to the judge’s decision not to recuse.here, the facts were 'found, not by the court, but by a jury. And appellant does not point to any particular evidentiary rulings by the court that affected appellant’s right to receive a fair and impartial trial. We hold that, under these circumstances,.the adjudication and the criminal trial were not “the same matter” and that the judge did not abuse her discretion in denying appellant’s request to recuse from the criminal trial. Although appellant points to the judge’s rulings denying her motions for directed verdict and her appeal bond as evidence of her actual bias or prejudice, we note ..that the appeal bond was denied after the trial,[2] and thus did not affect the impartiality of the trial; an adverse ruling is not enough to demonstrate bias. Irvin v. State, 345 Ark. 541, 550, 49 S.W.3d 635, 641 (2001); Gates v. State, 338 Ark. 530, 545, 2 S.W.3d 40, 48 (1999). II. Denial of Waiver of Jury Trial Appellant’s second point on appeal is that the circuit court abused its discretion in refusing to. accept her waiver of a jury trial after the State had assented to it. Appellant argues that she attempted to waive her jury trial and request a bench trial because she believed that she could receive a fairer trial by bench. Arkansas Rulé of Criminal Procedure 31.1 provides as follows: “No defendant in any criminal cause may waive a trial by jury unless the waiver is assented to by the prosecuting attorney and approved by the court.” The comment to that rule states that.“[i]t is not the purpose of this rule to impose any limitation on a court’s discretion to refuse to allow the waiver of trial by jury.” At the hearing on the matter, appellant’s counsel admitted to the court, that he thought the court might be biased against his client. The court then stated that it would deny the request for a bench trial and schedule a jury trial. Counsel indicated that he also had concerns about the jury pool in place — which was jury pool No. 2 — so the court agreed to use jury pool No. 1 to alleviate counsel’s concerns. In its formal order, the court denied the waiver, stating that appellant had questioned the court’s impartiality and thus the case would be heard by a. jury. An abuse of discretion occurs when the trial court makes a judgment call that is arbitrary and groundless. Smith v. State, 90 Ark. App. 261, 205 S.W.3d 173 (2005), Appellant’s argument that she believed she could receive .a “fairer” .trial by bench .trial rather than by jury trial is in direct conflict with her motion to recuse and her counsel’s statements | sto the judge that he thought she might be biased against appellant. Our review of the record does not convince us that the court’s denial of appellant’s waiver was either arbitrary or groundless. Accordingly, we hold that the trial court, did not abuse its discretion. Affirmed. " Gladwin, C.J., and Virden and Hoofman, JJ., agree. Harrison and Kinard, JJ., dissent. ■ . Appellant appealed the adjudication to this court, which affirmed because her argument regarding judicial bias was not preserved. Ferguson v. Ark. Dep’t of Human Servs., 2015 Ark. App. 99, 2015 WL 711304. . Our supreme court also denied appellant’s motion for sétting bond pending' appeál on May 28, 2015.