SLIP OPINION

Cite as 2016 Ark. 319

# SUPREME COURT OF ARKANSAS

No. CR–15–1061

| | |
|---|---|
| JACQUELINE FERGUSON | Opinion Delivered September 22, 2016 |
| APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. CR2014-241] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BARBARA ELMORE, JUDGE |
| APPELLEE | |
| | REVERSED AND REMANDED. |

**JOSEPHINE LINKER HART, Justice**

Jacqueline Ferguson was convicted in a Lonoke County jury trial of second-degree domestic battery, for which she was sentenced to five years in the Arkansas Department of Correction with an additional one-year enhanced penalty for committing the offense in the presence of a child. On appeal, Ferguson argues that the circuit judge abused her discretion when she denied her motion asking the circuit judge to recuse and when she denied her waiver of a jury trial. We reverse and remand.

Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(e) (2015), as we granted a petition for review filed by Ms. Ferguson after the Arkansas Court of Appeals affirmed her conviction. *Ferguson v. State*, 2015 Ark. App. 722, 479 S.W.3d 25. When we grant a petition for review, we consider the appeal as though it had been originally filed in this court. *Lagios v. Goldman*, 2016 Ark. 59, 483 S.W.3d 810.

The legally significant facts in this case are not in dispute. On March 31, 2014, a call was placed to the Arkansas Child Abuse Hotline, reporting that Ferguson had physically

abused her adopted children, LF and ZF. At the time, Ferguson and her husband Chris were serving as licensed foster parents. Their household included their biological child, AF, three adopted children, LF, LF2, and ZF, and three foster children, BK, AH, and AH's newborn child ZH. The children were subsequently adjudicated dependent-neglected on July 1, 2014, at a hearing presided over by Circuit Judge Barbara Elmore.

At the adjudication hearing, there was testimony from Ferguson's two teenage foster daughters, BK and AH; Dr. Karen Farst, a pediatrician from Arkansas Children's Hospital, who specializes in child-abuse pediatrics; State Police Crimes Against Children Investigator Tanya Cross; and dermatologist Dr. Brad White, who testified that marks on LF were consistent with a skin condition called urticaria.[1] At the conclusion of the hearing, Judge Elmore made the following statements from the bench:

> I find that there's dependent neglect. I do find that the allegations have been substantiated by proof beyond a preponderance of the evidence. The child is dependent neglect. There was physical abuse of the child younger than six years of age. I don't see how you can find anything else.

Prior to the adjudication hearing, on June 13, 2014, the State charged Ferguson with second-degree domestic battering. The information alleged that Ferguson "did unlawfully, feloniously with the purpose of causing physical injury to a family or household member he or she knows to be twelve (12) years of age or younger" cause physical injury to LF. Judge Elmore was also assigned the criminal case.

On September 2, 2014, Ferguson filed a motion for recusal, arguing that the judge had

---

[1] Urticaria is also known as hives.

presided over a juvenile case with the "exact same" allegations in the criminal case. The motion further noted that Judge Elmore had "rendered a decision against [Ferguson] in the juvenile court proceeding." Ferguson asserted that Judge Elmore should recuse because Rule 2.11(A)(6)(d) of the Arkansas Code of Judicial Conduct requires a judge to disqualify herself in any proceeding in which her "impartiality might reasonably be questioned," including circumstances in which the judge "previously presided as a judge over the matter in another court." Ark. Code Jud. Conduct R. 2.11 (2015). Ferguson also invoked Rule 2.11(A)(1), which states that a judge should recuse if "the judge has a personal bias or prejudice concerning a party . . . or personal knowledge of facts that are in dispute in the proceeding." Ferguson also moved to waive her right to a jury trial.

After a November 3, 2014 hearing, Judge Elmore entered orders on November 26, 2014, denying the recusal motion and denying Ferguson's jury-trial waiver. On February 3, 2015, the circuit court entered a supplemental order regarding its denial of Ferguson's waiver request. That order expressed the circuit court's rationale for its earlier denial of Ferguson's waiver. It attributed the decision to Ferguson's stated belief that, because the circuit judge had presided over the dependency-neglect case, the circuit judge had "some sort of bias or prejudged disposition toward" Ferguson. The order acknowledged Ferguson's argument that "some of the same testimony and evidence" from the juvenile case would be heard in the criminal trial but found that to be irrelevant because of the different burdens of proof in the two proceedings. In fact, BK, AH, Farst, Cross and Dr. White,[2] who were the

---

[2] Dr. White was a defense witness.

key witnesses in the dependency-neglect case also testified in the criminal case. Ferguson was convicted as charged.

On appeal, Ferguson first argues that the circuit court abused its discretion when it refused to recuse from the case. She asserts that the circuit court abused its discretion for two reasons: the circuit judge had presided over the matter in another court and she had personal knowledge of the facts that were in dispute. In support of her argument, Ferguson relies on the plain wording of Rule 2.11 of the Arkansas Code of Judicial Conduct, which states in pertinent part that

> (A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.
>
> . . . .
>
> (6) The judge . . .
>
> (d) previously presided as a judge over the matter in another court.

Ferguson contends that presiding over the dependency-neglect case constituted presiding "over the matter in another court." She notes that the witnesses were the same and that their testimony addressed the same alleged conduct. Additionally, she asserts that the "purpose" of both the dependency/neglect and the criminal proceedings were "identical"—to prove that she caused physical injury to a child in her household that was younger than six years of age.

Ferguson further argues that Judge Elmore obtained personal knowledge of the alleged

conduct when she presided over the dependency-neglect case. Additionally, Ferguson points to the previously quoted statement that Judge Elmore made from the bench at the conclusion of the dependency-neglect case, in which she expressed complete confidence in her finding that there was child abuse, as evidence of the judge's bias. Ferguson contends that this case is analogous to *Burrows v. Forrest City*, 260 Ark. 712, 543 S.W.2d 488 (1976). In reversing and remanding the case, the *Burrows* court held that a trial judge's comment advising a defendant to bring his toothbrush to a revocation hearing created an appearance of impropriety that should have caused the judge to recuse. *Id.* Ferguson also relies on *Farley v. Jester*, 257 Ark. 686, 520 S.W.2d 200 (1975), a case relied on by the *Burrows* court, which reversed a bench trial after the presiding judge indicated that he would give special credit to the testimony of one of the witnesses. There, the supreme court, while finding no misconduct on the part of the judge, nonetheless reversed because "court proceedings must not only be fair and impartial—they must also appear to be fair and impartial." *Fairley*, 257 Ark. at 692, 520 S.W.2d at 203.

Ferguson asserts that Judge Elmore's refusal to recuse affected the criminal trial in two very significant ways. First, Judge Elmore denied her the chance to have her case heard in a bench trial, which was her preferred strategy. Significantly, Ferguson's waiver of her right to a jury trial was not opposed by the State. Second, by forcing her into a jury trial, Judge Elmore was attempting to "mitigate" her refusal to recuse. Nonetheless, Judge Elmore affected the trial, at the very least, in her rulings on Ferguson's directed-verdict motions.

The State argues that the plain language of Rule 2.11 does not support Ferguson's

argument because the dependency-neglect hearing and the criminal case were separate "matters." While conceding that Ferguson was the defendant in both proceedings, it asserts that the Department of Human Services filed the dependency-neglect petition, and the State filed the felony information. The State asks this court to find analogous the substantive criminal case and the postconviction proceeding under Rule 37. Further, citing *Sheridan v. State*, 313 Ark. 238, 52 S.W.2d 772 (1993), it asserts that the "personal knowledge" gained by Judge Elmore was not the type of personal knowledge contemplated by Rule 2.11—knowledge gained through presiding over judicial proceedings is exempt. Finally, the State argues that Judge Elmore's statement from the bench did not express a personal bias.

We review a circuit judge's denial of a motion to recuse under an abuse-of-discretion standard. *Irvin v. State*, 345 Ark. 541, 49 S.W.3d 635 (2001). A clearly erroneous interpretation or application of a law or rule will constitute a manifest abuse of discretion. *Little Rock Wastewater Util. v. Larry Moyer Trucking, Inc.*, 321 Ark. 303, 902 S.W.2d 760 (1995). The Arkansas Code of Judicial Conduct and its canons are applicable to judicial conduct in criminal cases. *Sheridan*, 313 Ark. 238, 52 S.W.2d 772; *Adams v. State*, 269 Ark. 548, 601 S.W.2d 881 (1980). Accordingly, a judge presiding over a criminal trial must avoid all appearances of bias. *Irvin, supra.*

Judge Elmore presided over the dependency-neglect case and gained knowledge. But knowledge acquired in a judicial proceeding is not the "personal knowledge" that requires disqualification under Rule 2.11(A)(1). *See Sheridan, supra.* Nonetheless, we need not decide whether Judge Elmore's presiding over the matter was a violation of Rule 2.11. The plain

SLIP OPINION

wording of Rule 2.11 required Judge Elmore to recuse because her "impartiality might reasonably be questioned." Ark. Code Jud. Conduct R. 2.11(A). This provision embraces a situation where, by virtue of having presided over the "matter" in a different court, her impartiality might "reasonably be questioned."

Rule 2.11(A) states that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might *reasonably be questioned*." (Emphasis added.) We have explained that the word "shall" is mandatory rather than discretionary. *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001).

However, the enumerated examples are not the only way a judge's impartiality might reasonably be questioned. In the case before us, Ferguson asserted that Judge Elmore's comments in ruling from the bench indicated that she was biased. In denying Ferguson's motion to waive a jury trial, Judge Elmore stated, "If you don't think that I can be impartial in a bench trial, then I'll deny your bench trial. So we'll have a jury trial." It is unnecessary to decide whether these comments indicated actual bias. The fact that Judge Elmore found that Ferguson's questioning of her impartiality required her to withdraw as the finder-of-fact, in essence, demonstrates that the questioning of her impartiality was reasonable. Obviously, if a judge's impartiality may "reasonably" be questioned, the mandatory portion of Rule 2.11(A) is invoked and the judge is required to disqualify. Significantly, our case law requires a circuit court to be mindful of the perception of bias from the litigant's perspective. As the *Farley* court stated, "What we are saying is that it is understandable that appellant could feel that he was under a handicap in the trial of this case and that he might not receive impartial

treatment." 260 Ark. at 693, 520 S.W.2d at 204. We hold that, under the facts in the case before us, the circuit judge's impartiality could reasonably have been questioned by Ferguson, the mandatory portions of Rule 2.11(A) required her to disqualify. Accordingly, Judge Elmore abused her discretion by not recusing.[3]

For the foregoing reasons, we reverse and remand this case for a new trial with a different judge presiding. Having done so, we need not consider Ferguson's argument whether the denial of her jury-trial waiver was an abuse of discretion because that issue is not likely to arise again on retrial.

Reversed and remanded.

BRILL, C.J., concurs.

DANIELSON, GOODSON, and WOOD, JJ., dissent.

**HOWARD W. BRILL, Chief Justice, concurring.** I join the majority opinion that the impartiality of the circuit judge might be reasonably questioned and that the case should be remanded for a new trial. I write separately to expand on the language in Rule 2.11 of the Arkansas Code of Judicial Conduct. That disqualification provision of the code mandates that a judge recuse when the judge "previously presided as a judge over the matter in another court." Ark. Code Jud. Conduct R. 2.11(A)(6)(d). The "matter" at issue here, which resulted in a dependency-neglect proceeding and a criminal case, is the alleged physical abuse

---

[3]In concluding that Judge Elmore's obligation to serve allowed her to ignore the fact that her impartiality was reasonably challenged the dissent fails to give effect to the express limitation in Rule 2.7 of the Arkansas Code of Judicial Conduct. It states: "A judge shall hear and decide matters assigned to the judge, *except when disqualification is required by Rule 2.11 or other law.* (Emphasis added.)

of Ferguson's adopted child.

All parties agree that the word "matter" is not defined in the Arkansas Code of Judicial Conduct, and the issue presented here is one of first impression. A comparable rule provides guidance. Rule 1.11(e) of the Arkansas Rules of Professional Conduct, which governs disqualification of lawyers when moving between private practice and governmental service, defines a "matter" as "any judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, investigation, charge, accusation, arrest or other particular matter involving a specific party or parties." Ark. R. Prof'l Conduct 1.11(e)(1). Further, the commentary to Rule 1.11(e) states that "[i]n determining whether two particular matters are the same, the lawyer should consider the extent to which the matters involve the same basic facts, the same or related parties, and the time elapsed." Ark. R. Prof'l Conduct 1.11(3), cmt. 10. The term "matter" also appears in Rule 1.9 of the Arkansas Rules of Professional Conduct, which governs the duties of an attorney to a former client. Its commentary states that "the scope of a 'matter' for purposes of this Rule depends on the facts of a particular situation or transaction." Ark. R. Prof'l Conduct 1.9, cmt. 2. Further, *Black's Law Dictionary* defines "matter" in pertinent part as "[a] subject under consideration, especially involving a dispute or litigation . . . Something that is to be tried or proven; an allegation forming the basis of a claim or defense." *Black's Law Dictionary* 1126 (10th ed. 2014).

Admittedly, in my review of these rules, the standards governing lawyers and judges arise from different bodies of law and have different objectives. However, I find it instructive

that the term "matter" in these rules focuses on the same basic facts, the specific party, the brief time between the two proceedings, and similar factors. Although judges are the court and lawyers are officers of the court, the expectations placed on judges are higher than those placed on lawyers. Articulated in Canon 1 of the Arkansas Code of Judicial Conduct is the principle that judges are expressly subject to the appearance of impropriety standard. *See* Ark. Code Jud. Conduct R. 1.2.

In this case, Judge Elmore's presiding over the dependency-neglect proceeding and the criminal case implicates Rule 2.11's prohibition against a judge presiding over a case where he or she has presided over the "matter" in another court. Dependency-neglect proceedings are tried under the State's juvenile code in juvenile court while felonies are tried under the criminal code on the criminal docket in circuit court. It is not, as the State argues, analogous to a circuit judge presiding over a substantive criminal matter and a postconviction proceeding. The matter in the former is the substantive criminal charges; in the latter, it is the effective assistance of the petitioner's trial counsel. Here, the standard of proof between the two proceedings is different, and the focus in the dependency-neglect proceeding is more on the child. However, the evidence was the same, and the witnesses were, in large part, the same.

I also note that the disqualifying element present in this case is waivable by the parties and their lawyers. Rule 2.11(C) authorizes a three-step procedure. First, the judge determines that although he or she is subject to disqualification for anything other than actual bias or prejudice, he or she is able to decide the issue impartially. Second, the judge discloses

on the record the basis for the judge's disqualification. Third, the parties, outside the presence of the judge and court personnel, may waive disqualification, which is then entered on the court record.

In conclusion, I concur with the majority opinion because the circuit judge's impartiality might be reasonably questioned in a case such as this one.

**PAUL E. DANIELSON, JUSTICE, dissenting.** I respectfully dissent. This court has made clear that a trial judge has a duty to not recuse from a case where no prejudice exists. *See, e.g.*, *Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003). Thus, if there is no valid reason for the judge to disqualify himself or herself, he or she has a duty to remain on a case. *See id.* Furthermore, there is a presumption that judges are impartial. *See id.* The person seeking disqualification bears the burden of proving otherwise. *See id.* The trial judge's decision to not recuse from a case is a discretionary one and will not be reversed on appeal absent an abuse of that discretion. *See id.* An abuse of discretion can be shown by proving bias or prejudice on the part of the trial judge. *See id.* To decide whether there has been an abuse of discretion, this court reviews the record to determine if prejudice or bias was exhibited. *See id.* It is the appellant's burden to demonstrate such bias or prejudice. *See id.* In my opinion, appellant Jacqueline Ferguson has failed in that burden and has thus failed to demonstrate an abuse of discretion.

First, Circuit Judge Barbara Elmore did not "previously preside[] as a judge over the matter in another court" when she presided over the adjudication hearing in the dependency–neglect case. *See* Ark. Code Jud. Conduct R. 2.11(A)(6)(d) (2015). Neither Rule 2.11, nor

the comments to the rule, nor the "Terminology" section of the Code defines "matter" for purposes of determining whether subsection (A)(6)(d) applies. However, court rules are to be construed using the same criteria, including canons of construction, that are used to interpret statutes. *See, e.g.*, *Laymon v. State*, 2015 Ark. 485, 478 S.W.3d 203. Therefore, a court rule is to be construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See id.* In my view, the ordinary and usually accepted meaning of the term "matter," in this context, is synonymous with "case." In other words, Rule 2.11(A)(6)(d) would require recusal only when the judge previously presided over the same case in another court. The most obvious example of this would be an appellate court judge who previously presided over the case as a trial judge.

An identical provision in the American Bar Association 2007 Model Code of Judicial Conduct has been explained in exactly this way. The "Explanation of Black Letter" following the rule and its comments describes subsection (A)(6)(d) as a "[n]ew paragraph on judges sitting on *cases* they previously heard." (Emphasis added.) The "Explanation" also includes this provision:

> Trial judges sometimes sit by designation on courts of appeal, and vice versa. Such judges should not hear cases over which they presided in a different court, and this Rule makes that clear. This Rule, however, leaves unaffected the propriety of a judge who decided a case on a panel of an appellate court participating in the rehearing of the case en banc with that same court.

The corresponding provision in the Model Code has been interpreted in accordance with this explanation. "Rule 2.11(A)(6)(d) makes clear that judges should not hear *cases* over which they presided in a different court." Ronald D. Rotunda & John S. Dzienkowski, *Legal*

*Ethics—The Lawyer's Deskbook on Professional Responsibility* § 10.2-2.11(l) (2016) (emphasis added). More specifically, "[i]t has long been the rule that a judge who heard a case on the trial level will not be part of the panel hearing an appeal from her own decision." *Id.*

Under this interpretation, the fact that Ferguson's criminal charge and the dependency-neglect case stemmed from the same incident is not enough to render the two the same "matter" for purposes of Rule 2.11(A)(6)(d). The rule specifically requires recusal only when the judge previously presided over the matter in controversy; it simply does not contemplate situations wherein a judge previously presided over a different matter involving similar facts. Recusal may indeed be required in such circumstances, but not in the absence of bias or prejudice:

> Parties often seek to disqualify a judge based on the judge's prior participation in a case involving the same party or the same facts. Absent some showing of hostility or actual bias, however, a judge is not required to disqualify himself merely because of earlier judicial contacts with the party. This principle is really no different from the situation where the judge knows of damaging evidence that he later excludes at trial. The law presumes that judge, even in a bench trial, will be able to screen out the excluded evidence.

*Id.*

While this court has not had an opportunity to interpret Rule 2.11(A)(6)(d), we have held that recusal is not required of a judge presiding over a Rule 37 proceeding merely because he or she presided over the defendant's trial, even when the judge's trial rulings are at issue in the Rule 37 proceeding. *See, e.g., Bryant v. State*, 323 Ark. 130, 913 S.W.2d 257 (1996) (per curiam). Presumably, this court considers a criminal trial and a subsequent Rule 37 proceeding to be two different matters. If that is the case, a criminal trial and a separate

13

dependency-neglect case stemming from similar facts would certainly be considered two different matters. Accordingly, Judge Elmore's recusal was not required under Rule 2.11(A)(6)(d).

Second, Judge Elmore did not exhibit a "personal bias or prejudice" against Ferguson. *See* Ark. Code Jud. Conduct R. 2.11(A)(1). In support of her argument, Ferguson relies on cases holding that recusal is required when a trial judge makes comments reflecting a prejudged disposition of the case before the court—in other words, when the judge "seemed to be announcing the outcome of the case before it was tried." *Patterson v. R.T.*, 301 Ark. 400, 406, 784 S.W.2d 777, 781 (1990); *see also Riverside Marine Remanufacturers, Inc. v. Booth*, 93 Ark. App. 48, 216 S.W.3d 611 (2005). But Judge Elmore's remarks at the conclusion of the adjudication hearing referred to the outcome of the dependency-neglect case, after it had been tried. Her comments were not made at Ferguson's criminal trial; the jury in the criminal case did not hear her comments and had no way of knowing her thoughts. This court has stated that when a judge's communications are the basis for an allegation of bias, it is necessary to view the communications that the judge makes to, or in front of, the jury. *See Irvin v. State*, 345 Ark. 541, 49 S.W.3d 635 (2001). "Statements made before the jury is impaneled and in no way communicated to the jury cannot constitute bias or prejudice." *Id.* at 550, 49 S.W.3d at 641.

Aside from Judge Elmore's comments at the adjudication hearing, the only other evidence of bias that Ferguson points to is Judge Elmore's adverse rulings on motions and objections. I acknowledge that Judge Elmore was not excused from the requirement of the

appearance of impartiality simply because she was not the fact-finder in Ferguson's criminal trial. *See Riverside*, 93 Ark. App. at 52, 216 S.W.3d at 614 (explaining that, where the trial judge sits as finder of fact, the appearance of fairness is "even more important"). But "[t]he mere fact of adverse rulings is not enough to demonstrate bias." *Irvin*, 345 Ark. at 550, 49 S.W.3d at 641. Additionally, while Judge Elmore made credibility findings at the adjudication hearing in the dependency-neglect case, she did not make credibility findings in the criminal case. It was the jury's responsibility to make those findings in the criminal case, and the jury would have had no way of knowing what Judge Elmore's prior credibility findings were.

Third, Judge Elmore had no "personal knowledge of facts that [were] in dispute in the proceeding" as a result of having presided over the adjudication hearing in the dependency-neglect case. *See* Ark. Code Jud. Conduct R. 2.11(A)(1). As the majority concedes, "the personal knowledge of a judge gleaned from previous judicial proceedings does not fall under this 'personal knowledge' category." *Sheridan v. State*, 313 Ark. 23, 48, 852 S.W.2d 772, 785 (1993).

Finally, I acknowledge that Rule 2.11 sets forth a nonexhaustive list and that it requires recusal anytime a judge's impartiality might reasonably be questioned, even in situations not listed in the rule. However, I cannot agree with the majority's conclusion that Judge Elmore's denial of Ferguson's attempted jury-trial waiver equated to an acknowledgment that her impartiality had reasonably been questioned. As Judge Elmore explained, she refused to allow Ferguson to waive her right to a jury trial because Ferguson had asserted a belief that Judge Elmore would be biased against her. Judge Elmore did not endorse this belief or find

15

it to be reasonable; in fact, she denied the motion to recuse on the implied basis that it was not a reasonable belief. Pursuant to our case law, Judge Elmore is to be afforded discretion in that regard, and I cannot say that she abused her discretion in this instance. *See Owens*, 354 Ark. 644, 128 S.W.3d 445.

For these reasons, I dissent.

GOODSON and WOOD, JJ., join.

*Lightle, Raney, Streit & Streit, LLP*, by: *Jonathan R. Streit*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.