William P. CLARK *v.* STATE of Arkansas

CR 85-50                                   697 S.W.2d 895

Supreme Court of Arkansas
Opinion delivered October 28, 1985

*Raymond Harrill*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. On the morning of appellant's jury trial for terroristic threatening, he filed a motion asking that the trial judge recuse himself alleging the judge had committed bribery, slander, witness intimidation, and had made false material statements. For filing this motion, the appellant was ordered to show cause why he should not be held in contempt of court. A hearing was held and the same trial judge found appellant guilty of criminal contempt and sentenced him to 150 days in the county jail. It is from that judgment that this appeal is brought. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(c).

Appellant first argues that he was not afforded procedural due process in that he did not have adequate notice of the basis for the contempt charge nor time to prepare for the hearing.

The appellant filed the motion to recuse on February 15, 1985, the date of his jury trial. However, it was not brought to the attention of the trial court until the conclusion of the trial. On February 19, a hearing was held with reference to the appellant's motion which was attended by the appellant's attorney, but which appellant did not attend although he had notice of the hearing through his attorney.

At the conclusion of the hearing the trial judge issued a written order directing the appellant to appear and show cause why he should not be held in criminal contempt "for the filing of the attached *Motion* which directly impugns and impairs the respect due this Court and its authority." In addition to the order, the judge wrote a letter to the appellant which informed him of a show cause hearing on February 28, 1985, at 1:30 p.m., without further explanation as to the nature of the hearing. The appellant admits receiving the court's letter on February 22, however, he denies receiving a copy of the order and attached motion. Likewise, counsel for the appellant stated that he did not receive a

copy of the order or attached motion either.

The appellant argues that, since he never received a copy of the order and attached motion, he was not aware of the purpose of the show cause hearing.

In any event, the appellant filed a pro se motion with the court on February 25 in which he asked the court to inform him of the purpose of the show cause hearing and requested additional time to prepare for the hearing, claiming he was entitled to "10 days due process in which to prepare". Within minutes of the scheduled time for the February 28 hearing, the appellant filed an additional motion claiming lack of service of process, improper notice of show cause and lack of opportunity to defend. The trial court noted that the sheriff attempted to serve the appellant but was unable to do so because the appellant had left the state. The appellant's attorney admitted that he advised his client as to the nature of the contempt charges on February 19 and felt prepared to go forward with the hearing February 28.

In response to the various claims of the appellant, the judge reset the hearing for March 1, 10 days after the February 19 hearing.

■■■ The only statutory notice requirements for contempts which are not committed in the immediate view and presence of the court, are contained in Ark. Stat. Ann. § 34-903 (Repl. 1962). That statute provides that the party charged "shall be notified of the accusation, and have a reasonable time to make his defense." In *Henderson, Sheriff v. Dudley, Chancellor*, 264 Ark. 697, 574 S.W.2d 658 (1978), we discussed the power of a court to initiate a contempt proceeding by an order or a statement of facts setting out the charge, made of record, and signed by the judge. The court quoted *CarlLee v. State*, 102 Ark. 122, 143 S.W. 909 (1912) as follows:

> There must be an accusation before the accused can be notified of it, and there is no reason why the court in session cannot recite that the matter offending has come to its knowledge, setting it out in an order, and direct a citation thereon to show cause. This was done by the Supreme Court in the case of the *State v. Morrill*, [16 Ark. 384] and was as effectual notice of the charge or accusation

as an affidavit or information would have been.

■ We further explained in *Henderson* that there is no statutory requirement that the accused be given notice prior to the issuance of an order to show cause and instead the only statutory requirement is that the alleged contemnor have written notice of the accusation, and a reasonable opportunity to defend.

We reaffirm the requirements stated in *Henderson*. In this instance, we can safely say that even though the appellant may not have received a copy of the court's order in the mail, written notice was waived in light of the information furnished to appellant and his counsel by letter and in open court. The appellant's due process allegation is therefore without merit since he had sufficient notice and knowledge of the nature of the hearing; the judge continued the hearing; and the appellant has not shown he was prejudiced by the March 1 hearing date so as to demonstrate that his preparation time was not "reasonable."

We do, however, find merit in appellant's argument that the trial judge erred by not recusing from the hearing on the contempt charge.

■ In *United States* v. *Meyer*, 462 F.2d 827 (D.C. 1972) the Court of Appeals for the District of Columbia Circuit discussed the U.S. Supreme Court's position on adjudication by an impartial judge. The court stated that a judge's impartiality can be threatened when the alleged contempt "consists of a *personal attack* on the trial judge, of such a nature that the judge actually becomes embroiled in a personal dispute with the alleged contemnor, or that a 'normal' judge would likely be personally affected even though his feelings remain under control, . . ."

■ The Supreme Court in *Mayberry* v. *Pennsylvania*, 400 U.S. 455 (1971) noted that a judge who has been "cruelly slandered" is not likely "to maintain that calm detachment necessary for fair adjudication." The Court referred to *In re Murchison*, 349 U.S. 133 (1955), where a judge acted as a one-man grand jury and later tried witnesses for contempt who refused to answer questions. That judge, according to the Court in *Murchison*, was "part of the accusatory process" and could not in the nature of things be "wholly disinterested in the conviction or acquittal of those accused . . . Fair trials are too important a part

of our free society to let prosecuting judges be trial judges of the charges they prefer."

Here, the appellant's motion to recuse alleged criminal activity on the part of the judge, which certainly constitutes a "personal attack," *Meyer*, supra. It is apparent from the transcript of the proceedings that the judge viewed the situation as an attack on his integrity. At the February 19 hearing, the judge told appellant's attorney:

> What I am suggesting to you, Mr. Tripcony, is this: I think the motion is contemptuous at least. I am prepared to give Mr. Clark a hearing on that. And the allegations are basically against me. I will not recuse. He says they are uncontroverted. And the burden is going to be on him that I am whatever it is before he could call me as a witness, if he could call me at all. I doubt that he could ever get to that.
>
> . . . .
>
> As I see this, the burden is going to be on him to prove that I was in some overt act in conspiracy with someone. . . . So I am fairly confident that he can't prove it because it doesn't exist. [Transcript pp. 23-25]

The following remarks were made by the judge to another of appellant's attorneys at the hearing on February 28:

> Well, now, Mr. Harrill, let me tell you something. I've had more—not as much experience as you have but he's been trying to fire me just like he fired you one time ever since I've been in this case. And he's not going to and he's not going to call me as a witness and I'm not going to recuse.
>
> This is an imputation of my integrity as an officer of this Court and he's not going to mention me in it and get me to transfer it. He's run every other judge in this county off. I'm not going to run off.
>
> Now, when we get down to it—when I can—the burden is going to be on him and I want to know what his proof is in paragraph seven that I bribed a witness. I want to know what his proof is that I intimidated a witness. I want to know what his proof is that I made a false statement. I didn't testify. And I'm not going to get out of

it. [Transcript pp. 50-51]

■■ These remarks indicate that the judge became "embroiled in a personal dispute", *Meyer*, supra, with the appellant. Even though the judge's objectivity may not have been affected by the appellant's attack, "justice must satisfy the appearance of justice." *Offutt* v. *United States*, 348 U.S. 11 (1954). Accordingly, the trial judge under these circumstances should have recused from hearing the contempt charge. As stated by Chief Justice Taft in *Cooke* v. *United States*, 267 U.S. 517, 539 (1925):

> [A]ll of such cases . . . present difficult questions for the judge. All we can say on the whole matter is that where conditions do not make it impracticable, or where the delay may not injure public or private rights, a judge called upon to act in a case of contempt by personal attack upon him, may, without flinching from his duty, properly ask that one of his fellow judges take his place.

■ By our holding we do not intend that all contempts not committed in the immediate view and presence of the court, must be tried by a third party. But where a direct personal attack is made on a judge which is the subject of a contempt charge by that judge, or contemptuous conduct occurs which necessitates a factual hearing on the allegations made against the judge (as seems to have been contemplated in this case), to ensure a fair and impartial hearing the judge must recuse.

The appellant's final argument is that the mere filing of the motion to recuse was not contempt. While this situation could fit within the perimeters of our definition of criminal contempt, *see Ex parte Stroud*, 167 Ark. 331, 268 S.W. 13 (1925), the underlying factual question will have to be resolved by the trial court upon remand.

■ The only statute concerning criminal contempt is § 34-903, supra, which sets forth the notice requirements previously discussed. We have therefore had to decide criminal contempt cases on an ad hoc basis as we do here. The difficulty with such an approach is that it offers few guidelines to trial courts, attorneys, and parties involved in litigation as to what constitutes contemptuous behavior. This is a problem that the legislature needs to address as we are confined to the resolution of specific issues and it

is not the function of the court to promulgate guidelines and rules for criminal contempt charges. *See, e.g.*, Brill, *A Proposed Arkansas Contempt Statute*, 1984 Ark. L. Notes, 29.

Reversed & remanded.

PURTLE, J., not participating.

DUDLEY, J., concurs.

ROBERT H. DUDLEY, Justice, concurring. I concur solely to emphasize that the majority opinion applies only to criminal contempt cases in which the alleged contemptible act occurred out of the immediate view and presence of the court. It does not apply to civil contempt cases such as the ones routinely heard in domestic relation cases.