JOSEPHINE LINKER HART, Justice b Jacqueline Ferguson was convicted in a Lonoke County jury trial of second-degree domestic battery, for which she was sentenced to five years in the Arkansas Department of Correction with an additional one-year enhanced penalty for committing the offense in the presence of a child. On appeal, Ferguson argues that the circuit judge abused her discretion when she denied her motion asking the circuit judge to recuse and when she denied her waiver of a jury trial. We reverse and remand. Our jurisdiction is pursuant to Arkansas Supreme Court Rule l-2(e) (2015), as we granted a petition for review filed by Ms. Ferguson after the Arkansas Court of Appeals affirmed her conviction. Ferguson v. State, 2015 Ark. App. 722, 479 S.W.3d 25. When we grant a petition for review, we consider the appeal as though it had been originally filed in this court. Lagios v. Goldman, 2016 Ark. 59, 483 S.W.3d 810. The legally significant facts in this case are not in dispute. On March 31, 2014, a call was placed to the Arkansas Child Abuse Hotline, reporting that Ferguson had physically [2abused her. adopted children, LF and ZF. At the time, Ferguson and her husband Chris were serving as licensed foster parents. Their household included their biological child, AF, three adopted children, LF, LF2, and. ZF, and three foster children, BK, AH, and AH’s newborn child ZH. The children were subsequently adjudicated dependent-neglected on July 1, 2014, at a hearing presided over by Circuit Judge Barbara Elmore. At the adjudication hearing, "there was testimony from Ferguson’s two teenage foster daughters, BK and AH; Dr. Karen Farst, a pediatrician from Arkansas Children’s Hospital, who specializes in child-abuse pediatrics; State Police Crimes Against Children Investigator Tanya Cross; and dermatologist Dr. Brad White, who testified that marks on LF were consistent with a skin condition called urticaria.[1] At the conclusion of the hearing, Judge Elmore made the following statements from the bench: I find that there’s dependent neglect. I do find that the allegations have been substantiated by proof beyond a preponderance of the evidence. The child is dependent neglect. There was physical abuse of the child younger than six years of age. I don’t see how you can find anything else. Prior to the adjudication hearing, on June 13, 2014, the State charged Ferguson with second-degree domestic battering. The information alleged that Ferguson “did unlawfully, feloniously with the purpose of causing physical injury to a family or household member he or she knows to be twelve (12) years of age or younger” cause physical injury to LF. Judge Elmore was also-assigned the criminal case. On September 2, 2014, Ferguson filed a motion for recusal, arguing that the judge had | ¡¡presided over a juvenile case with the “exact same” allegations in the criminal case. The motion further noted that Judge Elmore had “rendered a decision against [Ferguson] in the juvenile court proceeding.” Ferguson asserted that Judge Elmore should recuse because Rule 2.11(A)(6)(d) of the Arkansas Code of Judicial Conduct requires a judge to disqualify herself in any proceeding in which her “impartiality might reasonably be questioned,” including circumstances in which the judge “previously presided as a judge over the matter in another court.” Ark. Code Jüd'. Conduct’ R. 2.11 (2015). Ferguson also invoked Rule 2.11(A)(1), which states that a judge should recuse if “the judge has ■ a personal bias or prejudice concerning a party .... or personal knowledge of facts that are in dispute in the proceeding.” Ferguson also moved to waive her right to a jury trial. After a November 3, 2014 hearing, Judge Elmore entered orders on November 26, 2014, denying the recusal motion and denying Ferguson’s jury-trial waiver. On February 3, 2015, the circuit court entered a supplemental order regarding its denial of Ferguson’s waiver request. That order expressed the circuit court’s rationale for its earlier denial of Ferguson’s waiver. It attributed the decision to Ferguson’s stated belief that, because the circuit judge had presided over the dependency-neglect case, the circuit judge had “some sort of bias or prejudged disposition toward” Ferguson. The order acknowledged Ferguson’s argument that “some of the same testimony and evidence” from the juvenile case would be heard in the criminal trial but found that to be irrelevant because of the different burdens of proof in the two proceedings. In fact, BK, AH, Farst, Cross and Dr. White,[2] who were the |4key witnesses in the dependency-neglect case also testified in the criminal ease. Ferguson was convicted as charged. On appeal, Ferguson first argues that the circuit court abused its discretion when it refused to recuse from the case. She asserts that the circuit court abused its discretion for two reasons: the circuit judge had presided over the matter in another court and she had personal knowledge of the facts that were in dispute. In support of her argument, Ferguson relies on the plain wording of Rule 2.11 of the Arkansas Code of Judicial Conduct, which states in pertinent part that (A) A judge shall disqualify himself or herself in any proceeding in which the judge’s impartiality might reasonably be questioned, including but not limited to the following circumstances: (1) The judge has a personal bias or prejudice concerning a party or a party’s lawyer, or personal knowledge of facts that are. in dispute in the proceeding. [[Image here]] (6) The judge ... (d) previously presided as a judge over the matter in another court. Ferguson contends that presiding over the dependency-neglect case constituted presiding “over the matter in another court.” She notes that the witnesses were the same and that their testimony addressed the same alleged conduct. Additionally, she asserts that the “purpose” of both the dependency/neglect and the criminal proceedings were “identical”—to prove that she caused physical injury to a child in her household that was younger than six years of age. Ferguson further argues that Judge El-more obtained personal knowledge of the alleged | ^conduct when she presided over the dependency-neglect case. Additionally, Ferguson points to the previously quoted statement that Judge Elmore made from the bench at the conclusion of the dependency-neglect case, in which she expressed complete confidence in her finding that there was child abuse, as evidence of the judge’s bias. Ferguson contends that this case is analogous to Burrows v. Forrest City, 260 Ark. 712, 543 S.W.2d 488 (1976). In reversing and remanding the case, the Burrows court held that a trial judge’s comment advising a defendant to bring his toothbrush to a revocation hearing created an appearance of impropriety that should have caused the judge to recuse. Id. Ferguson also relies on Farley v. Jester, 257 Ark. 686, 520 S.W.2d 200 (1975), a case relied on by the Burrows court, which reversed a bench trial after the presiding judge indicated that he would give special credit to the testimony of one of the witnesses. There, the supreme court, while finding no misconduct on the part of the judge, nonetheless reversed because “court proceedings must hot only be 'fair and impartial—they must also appear to be fair and impartial” Farley, 257 Ark. at 692, 520 S.W.2d at 203. Ferguson asserts that Judge Elmore’s refusal to recuse affected the criminal trial in two very significant ways. First, Judge Elmore denied her the chance to have her case heard in a bench trial, which was her preferred strategy. Significantly, Ferguson’s waiver of her right to a jury trial was not opposed by the State. Second, by forcing her into a jury trial, Judge Elmore was attempting to “mitigate” her refusal to re-cuse. Nonetheless, Judge Elmore affected the trial, at the very least, in her rulings on Ferguson’s directed-verdict motions. The State argues that the plain language of Rule 2.11 does not support Ferguson’s | ^argument because the dependency-neglect hearing and the criminal case were separate “matters.” While conceding that Ferguson was the defendant in both proceedings, it asserts that the Department of Human Services filed the dependency-neglect petition, and the State filed the felony information. The State asks this court to find analogous the substantive criminal case and the postconviction, proceeding under Rule 37. Further, citing Sheridan v. State, 313 Ark. 23, 852 S.W.2d 772 (1993), it asserts that the “personal knowledge” gained by Judge Elmore was not the type of personal knowledge contemplated by Rule 2.11—knowledge gained through presiding over judicial proceedings is exempt. Finally, the State argues that Judge El-more’s statement from the bench did not express a personal bias. We review a circuit judge’s denial of a motion to recuse under an abuse-of-discretion standard. Irvin v. State, 345 Ark. 541, 49 S.W.3d 635 (2001). A clearly erroneous interpretation or application of a law or rule will constitute a manifest abuse of discretion. Little Rock Wastewater Util. v. Larry Moyer Trucking, Inc., 321 Ark. 303, 902 S.W.2d 760 (1995). The Arkansas Code of Judicial Conduct and its canons are applicable to judicial conduct in criminal cases. Sheridan, 313 Ark. 23, 852 S.W.2d 772; Adams v. State, 269 Ark. 548, 601 S.W.2d 881 (1980). Accordingly, a judge presiding over a criminal trial must avoid all appearances of bias. Irvin, supra. Judge Elmore presided over the dependency-neglect case and gained knowledge. But knowledge acquired in a judicial proceeding is not the “personal knowledge” that requires disqualification under Rule 2.11(A)(1). See Sheridan, supra. Nonetheless, we need not decide whether Judge Elmore’s presiding over the matter was a violation of Rule 2.11. The plain | .¿wording of Rule 2.11 required Judge Elmore to recuse because her “impartiality might reasonably be questioned.” Ark. Code Jud. Conduct R. 2.11(A). This provision embraces a situation where, by virtue of having presided over the “matter” in a different court, her impartiality might “i-easonably be questioned.” Rule 2.11(A) states that “[a] judge shall disqualify himself or herself in any proceeding in which the judge’s impartiality might reasonably be questioned.” (Emphasis added.) We have explained that the word “shall” is mandatory rather than discretionary. Middleton v. Lockhart, 344 Ark. 572, 43 S.W.3d 113 (2001). However, the enumerated examples áre not the only way a judge’s impartiality might reasonably be questioned. In the case before us, Ferguson asserted that Judge Elmore’s comments in ruling from the bench indicated that she was biased. In denying Ferguson’s motion to waive a jury trial, Judge Elmore stated, “If you don’t think that I can be impartial in a bench trial, then I’ll deny your bench trial. So we’ll have a jury trial.” It is unnecessary to decide whether these comments indicated actual bias. The fact that Judge Elmore found that Ferguson’s questioning of her impartiality required her to withdraw as the finder-of-fact, in essence, demonstrates that the questioning of her impartiality was reasonable. Obviously, if a judge’s impartiality may “reasonably” be questioned, the mandatory portion of Rule 2.11(A) is invoked and the judge is required to disqualify. Significantly, our case law requires a circuit court to be mindful of the perception of bias from the litigant’s perspective. As the Farley court stated, “What we are saying is that it is understandable that appellant could feel that he was under a handicap in the trial of this case and that he might not receive impartial | streatment.” 257 Ark. at 693, 520 S.W.2d at 204. We hold that, under the facts in the case before us, the circuit judge’s impartiality could reasonably have been questioned by Ferguson, the mandatory portions of Rule 2.11(A) required her to disqualify. Accordingly, Judge Elmore abused her discretion by not recusing.[3] For the foregoing reasons, we reverse and remand this case for a new trial with a different judge presiding. Having done so, we need not consider Ferguson’s argument whether the denial of her jury-trial waiver was an abuse of discretion because that issue is not likely to arise again on retrial. Reversed and remanded. BRILL, C.J., concurs. DANIELSON, GOODSON, and WOOD, JJ., dissent. . Urticaria is also known as hives. . Dr. White was a defense witness. . In concluding that Judge Elmore’s obligation to serve allowed her to ignore the fact that her impartiality was reasonably challenged the dissent fails to give effect to the express limitation in Rule 2.7 of the Arkansas Code of Judicial Conduct. It states: "A judge shall hear and decide matters assigned to the judge, except when disqualification is required ■ by Rule 2.11 or other law. (Emphasis added.)