DAVID M. GLOVER, Judge
Zebarious Hawkins was tried by a jury and found guilty of the offense of aggravated robbery. He was seventeen years old at the time of the alleged offense and had earlier unsuccessfully sought to have his case transferred to the juvenile division. During the earlier transfer hearing, the same judge who later presided in Hawkins's criminal trial made some comments that Hawkins found objectionable. He moved to have the trial judge recuse herself from his criminal trial based on the statements she had made during the transfer hearing. The trial court denied the motion. As his sole point of appeal, Hawkins contends the trial court abused its discretion in denying the motion to recuse. We affirm.
*893 On August 7, 2017, at the conclusion of the juvenile-transfer hearing, the trial court commented:
And I have watched your client sit here; he doesn't care. Mr. Bradley, he does not care. He just as soon kill me to look at me and he simply does not care. I am denying the motion for transfer to juvenile court. He'll be tried as an adult in an adult court[.]
At a pre-trial hearing on October 10, 2017, defense counsel asked the trial court to recuse because of those quoted comments. The trial court explained that its comments were prompted by Hawkins's behavior because he was inappropriately smiling despite the seriousness of the charges against him, and the court was merely warning him to behave differently when he came in front of the jury or he would surely be convicted. The court denied the motion to recuse, stating "I'm not biased in any way or form. Just, probably, overly concerned[.]" At the October 25, 2017 jury trial, defense counsel asked to approach the bench during voir dire and renewed the motion to recuse. The trial court again denied it.
We review a trial court's denial of a motion to recuse under an abuse-of-discretion standard. Ferguson v. State , 2016 Ark. 319, 498 S.W.3d 733. A clearly erroneous interpretation or application of a law or rule will constitute a manifest abuse of discretion. Id. The Arkansas Code of Judicial Conduct and its canons are applicable to judicial conduct in criminal cases. Id. Accordingly, a judge presiding over a criminal trial must avoid all appearances of bias. Id. There also exists, however, a presumption of impartiality. Irvin v. State , 345 Ark. 541, 49 S.W.3d 635 (2001). The decision to recuse is within the trial court's discretion, and it will not be reversed absent abuse. Id. An abuse of discretion can be proved by a showing of bias or prejudice on the part of the trial court, and the burden is on the party seeking to disqualify. Id. To decide whether there has been an abuse of discretion, we review the record to see if prejudice or bias was exhibited. Id.
A trial judge's development of opinions, biases, or prejudices during a trial do not make the trial judge so biased as to require that he or she recuse from further proceedings in the case. Id. Absent some objective demonstration by the appellant of the trial judge's prejudice, it is the communication of bias by the trial judge that will cause us to reverse his or her refusal to recuse. Id. Whether a judge has become biased to the point that the judge should disqualify himself or herself is a matter to be confined to the conscience of the judge. Id. The reason is that bias is a subjective matter peculiarly within the knowledge of the trial judge. Id. When the judge's communications are the basis for an allegation of bias, it is necessary to view the communications that the judge makes to, or in front of, the jury. Id. Statements made before the jury is impaneled and that are in no way communicated to the jury cannot constitute bias or prejudice. Id.
Here, the trial court did not deny making statements critical of Hawkins's behavior at the juvenile-transfer hearing but explained that Hawkins was smiling despite the seriousness of the charges against him, and the court's comments were merely designed to warn him to behave differently when he came in front of the jury or he would surely be convicted. The court denied the motion to recuse, further stating, "I'm not biased in any way or form. Just, probably, overly concerned." More importantly, the trial court's challenged statements occurred at the juvenile-transfer hearing; they were not made at the trial nor in front of the jury. With those statements as the only alleged *894 grounds for trial-court bias, we conclude there is no basis for reversal. As our supreme court explained in Irvin , supra , statements that are not in any way communicated to the jury cannot constitute bias or prejudice.
Affirmed.
Vaught and Hixson, JJ., agree.