Cite as 2023 Ark. App. 174

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-22-342

| | | |
|---|---|---|
| RICHARD MCCLURE | | Opinion Delivered March 29, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT |
| V. | | [NO. 10CR-15-11] |
| STATE OF ARKANSAS | | |
| | | HONORABLE BLAKE BATSON, JUDGE |
| | APPELLEE | |
| | | REVERSED AND REMANDED |

**STEPHANIE POTTER BARRETT, Judge**

Richard McClure appeals the Clark County Circuit Court's revocation of his suspended imposition of sentence. On appeal, he argues that Circuit Court Judge Blake Batson erred in denying his motion for Batson to recuse. The State concedes error. We agree, and we reverse and remand for a new revocation hearing with a different circuit judge.

In February 2015, Clark County Prosecuting Attorney Blake Batson filed a criminal information alleging McClure had committed domestic battering in the second degree, a Class C felony, in January 2015 by knowingly causing physical injury to a family or household member who was less than twelve years of age. The victim was McClure's girlfriend's daughter, and the State alleged McClure had spanked the child with a rhinestone-encrusted belt, leaving bruises and abrasions on her buttocks. A no-contact order was issued between McClure and the minor victim. McClure moved to rescind the no-contact order, attaching his girlfriend's affidavit stating he was not a threat to her or her children and that the continuation of the no-contact

order would impose a severe burden on their family. Batson filed a response resisting McClure's request to rescind the no-contact order.

On April 7, 2015, McClure entered a negotiated plea of guilty to domestic battery in the second degree. He was placed on seven years' probation; ordered, among other requirements, to be electronically monitored for 120 days; pay fines and costs of $2195; submit to drug-and-alcohol testing; complete 280 hours of community service; not possess any weapons; attend parenting classes; and maintain full-time employment. Batson was the prosecuting attorney who signed the sentencing order.

On October 7, 2015, prosecuting attorney Dan Turner filed a motion to revoke McClure's probation. McClure admitted that he had violated the terms and conditions of his probation, and in an order filed October 30, Judge Robert McCallum sentenced him to thirty days in the Clark County jail, with credit for thirty days served, and he was returned to probation under the same terms and conditions previously ordered. The State filed a second motion to revoke McClure's probation on February 24, 2016; McClure again admitted violating the terms and conditions of his probation and was sentenced to serve sixty days in the Clark County jail, with the first thirty days to be served consecutively and the additional thirty days to be served on weekends. The State filed a third motion to revoke probation on June 5, 2017. On August 8, McClure entered a negotiated plea of guilty, and he was sentenced to five years' imprisonment followed by a five-year suspended imposition of sentence.

On February 5, 2021, the State filed a fourth motion for revocation, through Prosecuting Attorney Dan Turner, alleging that on September 17, 2020, McClure had been arrested for possession of a firearm by certain persons in violation of his suspended sentence. Batson, now

2

a circuit judge in Clark County, signed the warrant for McClure's arrest, and he also signed the order revoking McClure's bond for failure to appear for his revocation hearing on April 26, 2021.

After numerous continuances, McClure's revocation hearing was scheduled for February 22, 2022, before Judge Batson. On February 14, McClure's counsel filed a motion pursuant to Rule 2.11(A)(6)(a) of the Arkansas Code of Judicial Conduct requesting that Judge Batson recuse himself because he prosecuted the case for which revocation was now being sought. At the revocation hearing, Judge Batson addressed the motion to recuse, with McClure's attorney explaining that the reason for the request was that Batson was the prosecuting attorney who had filed the original second-degree domestic-battering charge against McClure. The prosecutor asserted there was no reason to believe Judge Batson could not be fair and impartial because McClure had pleaded guilty in 2015, and Judge Batson had simply made the offer of probation. Judge Batson summarily denied the motion to recuse without further comment, an order was entered to that effect, and Judge Batson proceeded to preside over the revocation hearing, revoked McClure's suspended sentence, and sentenced him to five years' incarceration.

McClure asserts on appeal that Judge Batson erred in denying his recusal motion. The decision to recuse is within a circuit court's discretion, and a presumption of impartiality exists. *Hawkins v. State*, 2018 Ark. App. 443, 558 S.W.3d 891. We review a circuit court's denial of a motion to recuse under an abuse-of-discretion standard. *McDermott v. Cline*, 2019 Ark. App. 472, 588 S.W.3d 144. A clearly erroneous interpretation of a law or rule will constitute a manifest abuse of discretion. *Id.*

Rule 2.11(A)(6)(a) of the Arkansas Code of Judicial Conduct, the provision under which McClure requested Judge Batson's recusal, requires that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned," including when "[t]he judge served as a lawyer in the matter in controversy. . . ." Section 12 of amendment 80 to the Arkansas Constitution provides that no judge shall preside in any case in which he or she may have been counsel. Ark. Const. amend. 80, § 12.

The State concedes error, and we hold that the circuit court abused its discretion in denying McClure's recusal motion. Both amendment 80 and Rule 2.11(a)(6)(a) of the Arkansas Code of Judicial Conduct explicitly state that a judge shall not preside in a case in which he or she served as a lawyer in the matter in controversy. Judge Batson was the prosecutor who brought the 2015 charge against McClure that was the underlying offense forming the basis for McClure's 2022 revocation hearing before Judge Batson. Judge Batson had clearly served as a lawyer in the matter in controversy. This is a direct circumstance under which a judge is required to recuse himself or herself, and Judge Batson abused his discretion in refusing to do so. We reverse and remand for a new revocation hearing.

Reversed and remanded.

HARRISON, C.J., and MURPHY, J., agree.

*Sonia Kezhaya*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

4