Cite as 2023 Ark. App. 520

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-23-179

| | |
|---|---|
| JOE BONEE | **Opinion Delivered** November 8, 2023 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-20-2531] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BRAD KARREN, JUDGE |
| APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Joe Bonee was found guilty of indirect criminal contempt in violation of Arkansas Code Annotated section 16-10-108,[1] a Class C misdemeanor.  He was sentenced to five days in jail, with four days suspended and one day of jail-time credit for time served, assessed a $300 fine, and ordered to perform thirty-two hours of community service.  On appeal, Bonee argues that (1) he was not provided proper notice of the charges against him; (2) the circuit court erred in denying his postconviction recusal request; and (3) insufficient evidence supports the conviction. We affirm.

On November 12, 2021, Bonee was summoned to appear for jury duty in the Benton County Circuit Court for a November 16 jury trial; however, Bonee failed to appear.  The circuit court commanded Bonee to appear on December 13 to show cause why he should not be held in contempt for his failure to answer the call of court for his service as a petit juror on November 16.

---

[1](Repl. 2010).

On December 13, Bonee again failed to appear; a bench warrant was issued for his arrest on December 21 with an amended bench warrant issued on January 7, 2022. The bench warrant was eventually served on September 16. Bonee was released and ordered to appear for the September 26 hearing on the matter.

At the September 26 hearing, Bonee appeared with counsel. Kathy Cartwright, chief deputy of the Benton County Circuit Clerk's office, testified that Bonee was contacted on November 12, 2021, concerning jury duty on November 16. In response, Bonee stated that due to a medical condition, he did not want to wear a face mask and that he would contact the court. Tiffany DeVore, the judge's case coordinator, testified that Bonee called in and said he has issues with wearing a mask because of health problems. She stated she told him that the court's COVID-19 policy required everyone to either wear a face mask or bring a doctor's note and that he was still required to report on November 16. DeVore testified that Bonee also informed her that he is a truck driver and that he would be in California on the trial date. She explained to Bonee that because he failed to provide the clerk's office with his unavailable dates in advance, he was still court ordered to be present. DeVore stated that Bonee then hung up on her.

Bonee then emailed Benton County Communications Director Channing Barker, stating that he could not report for jury duty because he is a truck driver and was on the way to California and would not be able to make it back for court in four days' time. Bonee also informed Barker that he had called and talked to court employee Tiffany DeVore and told her that he was unable to appear for jury duty due to his work. He also stated that his health problems prevented him from appearing; Bonee claimed that he could not wear a face mask and did not need a doctor's note because he is a "free person" and he was "not asking to be on this jury."

In its oral ruling, the circuit court stated:

I'm going to find that the State has met its burden. Here's why his — — his act is willful. Let me explain it to you. First off, he gets called four days before the jury trial. Contacts the clerk, says he doesn't want to wear a mask. So he's already starting with the excuses. Says he's going to contact us. He does. He contacts my staff. And I read his email. He basically says in his email, State's Exhibit No. 2, he blames Tiffany — — Tiffany DeVore is my case coordinator — — that she's very rude and she's not a public — — she doesn't act like a public servant and that four days' notice is not enough time. So he's not going to be here. He's sent and putting it in writing he will not be here. Four days' notice is too inconvenient for him. Then I guess when she suggests that he get a doctor's note, he says he doesn't need a doctor's note, he's a free person, can't be compelled to put his health in danger so he's not coming there. Second excuse as to why he's not going to be here. Okay. Then he says, "I'm not just a dirty old truck driver." Signed [Bonee's email address omitted]

So he's — — laid out in his email exactly his willful intent to not be here. Then when he's not here — — his name is called on November 16 and he's not here. Then we give him another opportunity, tell him to be here on December the 13th to show cause why he should not be held in contempt. And guess what he doesn't do then, he doesn't show up again.

Following the hearing, the circuit court entered an order finding Bonee guilty of indirect criminal contempt. Bonee filed a motion for new trial and recusal on October 22, 2022. This timely appeal followed the circuit court's denial of the motion.

On appeal, Bonee asserts that his criminal-contempt conviction is not supported by substantial evidence. He argues that the State failed to meet its burden of demonstrating that he willfully disobeyed a court order. Bonee contends he presented evidence establishing that, at the time of the jury trial and the show-cause hearing, he was in California for work, and therefore, there was no "willfulness" for his failure to appear; he simply was unable to comply. Although it is his last point, we must consider Bonee's sufficiency argument first on appeal because preservation of his right against double jeopardy requires this court to consider challenges to the sufficiency of the evidence

3

before alleged trial error is considered, even if the sufficiency-of-the-evidence issue is not presented as the first issue on appeal.[2]

In order to challenge the sufficiency of the evidence on appeal, an appellant must make a directed-verdict motion or a motion to dismiss at trial in the manner prescribed by Arkansas Rule of Criminal Procedure 33.1.[3] The failure to make a timely motion waives any challenge to the sufficiency of the evidence on appeal.[4] Here, Bonee's sufficiency challenge is not preserved for our review because he wholly failed to move for dismissal at the September 26 contempt hearing.

Bonee next argues that the circuit court erred in proceeding with a hearing without providing proper notice of the charges against him. He contends that the warrant he was served listed only a failure to appear at the December 13, 2021, show-cause hearing. Bonee asserts that, when he appeared for the hearing following that warrant, the court also heard evidence on a failure to appear for jury duty on November 16. Bonee argues that because he received no notice of charges regarding the November 16 failure to appear, his constitutional right to Due Process was violated.

The purpose of criminal contempt is to punish for disobedience of the court's order and to vindicate the dignity of the court.[5] Because it is a criminal proceeding, the Due Process Clause requires that the accused party be notified that a contempt charge is pending and informed of the specific nature of that charge.[6] The accused party shall be notified of the accusation and shall have a

---

[2] *See Lewis v. State*, 2017 Ark. App. 442, 528 S.W.3d 312.

[3] (2022).

[4] *Woolbright v. State*, 357 Ark. 63, 160 S.W.3d 315 (2004).
[5] *Taylor v. State*, 76 Ark. App. 279, 64 S.W.3d 278 (2001).

[6] *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988).

4

reasonable time to make his or her defense.[7] The right to notice of a criminal-contempt charge and of the nature of that charge can be waived.[8]

At the outset of the September 26 hearing, the State explained that Bonee failed to appear for jury duty in a trial held in November 2021. He was then summoned to appear on December 13 but again failed to appear; thus, a failure-to-appear warrant was issued. The court agreed with the State's explanation of the procedural history of the case and charges. The court then asked Bonee, "So do we want to set this for a hearing? What do we want to do?" The court then recited the punishment for criminal contempt and detailed Bonee's rights. Specifically, the court provided:

> It's punishable by $500 in fines or 30 days in jail, or both. He has a right to counsel, which apparently he's doing. He has a right to remain silent. Anything he says could be used against him. He has the right to call witnesses. He has the right to cross-examine witnesses, has the right to subpoena witnesses. He has all of those things. If he wants to do this later, at some other date or we can proceed on.

At that juncture, the following colloquy took place:

| | |
|---|---|
| BONEE'S COUNSEL: | Well, Your Honor, we'd like to submit to the Court — — |
| COURT: | So you're wanting to proceed on? |
| BONEE'S COUNSEL: | Yes, Your Honor. |
| COURT: | Okay. Do you want to waive a hearing? We're going to have a hearing today? |
| BONEE'S COUNSEL: | Yes, Your Honor. |

---

[7]Ark. Code Ann. § 16-10-108(c) (Repl. 2010).

[8]*Clark v. State*, 287 Ark. 221, 697 S.W.2d 895 (1985).

The State argues that, once fully informed, Bonee waived any objection on notice grounds and elected to proceed with a hearing on the charges. Bonee acknowledges that he agreed to proceed with the hearing. However, he argues that the warrant served on him stated that he was charged with failure to appear on December 13 and that it was not until after the hearing had begun that he "learned that the court would be addressing a failure to appear for jury duty that occurred on November 16, 2021."

We reiterate that prior to the hearing, it was explained that Bonee failed to appear on November 16 when he was summoned to serve as a juror. He was then summoned to show cause on December 13. Bonee again did not present himself to the court. As a result, a warrant for his arrest was issued. These were the specific allegations discussed before Bonee elected to proceed with a hearing. In open court, Bonee was apprised of the specific nature of the charges against him and did not object to proceeding with the hearing. He was, multiple times, asked if he wanted to set a future hearing date or proceed. Bonee, not once, but twice, expressed the desire to continue with the hearing. Additionally, we find that Bonee did not clearly or specifically object to proceeding on lack of notice or due-process grounds. He cannot decline to reset the hearing and later claim the circuit court erred in proceeding with the hearing. Consequently, we hold that Bonee waived any objection on notice grounds.

Bonee also notes that at the hearing on the motion for new trial and recusal, the court found that a notice for his November 16 failure to appear was sent via certified mail on November 23, 2021. He contends, however, there was no evidence that the notice was ever mailed or received. Therefore, in violation of his right to due process, there was no prior notice of the November 16 failure to appear. We will not consider arguments that are raised for the first time on appeal,

6

including constitutional ones.[9]  This specific argument was not raised at the hearing; therefore, it is not preserved for appellate review.

Last, Bonee contends that the circuit court erred in denying his postconviction motion for recusal.  We review a circuit court's denial of a motion to recuse under an abuse-of-discretion standard.[10]  Rule 1.2 of the Arkansas Code of Judicial Conduct states, "A judge shall act at all times in a manner that promotes public confidence in the independence, integrity and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety."  A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned.[11]

Bonee contends that "[a]ll witnesses for the State in this matter were members of the Court's staff, a situation that creates a clear appearance of bias against [Bonee] and for the witnesses for the State."  Bonee states that the issue of bias was raised in his motion for new trial and recusal filed on October 17, 2022.  A claim must be presented to the circuit court at the earliest opportunity to preserve it for appeal.[12]  This is true regardless of whether the claim is subsequently raised in a motion for new trial.[13]

---

[9]*Sirkaneo v. State*, 2022 Ark. 124, 644 S.W.3d 392.

[10]*Ferguson v. State*, 2016 Ark. 319, 498 S.W.3d 733.

[11]Ark. Code Jud. Conduct R. 2.11(A).
[12]*Campbell v. State*, 2017 Ark. App. 340, 525 S.W.3d 465.

[13]*Id*.

7

Bonee argues that the trial judge should have recused himself because court personnel that the judge knew and worked with testified at the contempt hearing. However, Bonee failed to raise a claim of bias or request recusal by the judge at trial. Bonee was at all times aware that the State's witnesses were members of the court staff, yet he raised no objection below. Instead, he waited until after trial to first raise a claim of bias in a motion for new trial and seeking recusal of the trial judge. Bonee failed to raise this argument at the first opportunity, thus, it is not preserved for appeal.

Moreover, a circuit court's denial of a motion for a new trial based on the judge's failure to recuse himself or herself will not be reversed absent an abuse of discretion or manifest prejudice to the moving party.[14] Here, Bonee fails to demonstrate that he was prejudiced by the court's denial of his motion for new trial based on the judge's failure to recuse. A judge is presumed to be impartial. Bonee provides no examples of bias exhibited by the judge; instead, he merely argues that because court personnel were testifying, it created the possible appearance of bias. Further, Bonee made excuse after excuse for why he would not appear either for jury duty or to show cause. The excuses ranged from refusal to wear a face mask because he is a "free person" to being out of state due to his job as a truck driver. Sufficient evidence supports a finding that his failure to appear was a willful violation of a court order. Bonee failed to make a showing of manifest prejudice or an abuse of the court's discretion.

For the reasons stated above, we affirm Bonee's conviction for indirect criminal contempt.

Affirmed.

WOOD and MURPHY, JJ., agree.

---

[14]*Kelly v. State*, 2021 Ark. App. 160.

8

*Horton Law Firm*, by: *T.J. Fosko*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.