Cite as 2024 Ark. App. 505

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-23-331

| | | |
|---|---|---|
| R.J. CHIODINI | | Opinion Delivered October 23, 2024 |
| | APPELLANT | |
| V. | | APPEAL FROM THE STONE COUNTY CIRCUIT COURT [NO. 69CV-22-4] |
| DAVID LOCK | | HONORABLE HOLLY MEYER, JUDGE |
| | APPELLEE | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

This appeal is another in a series of litigation and resulting appeals between neighboring landowners, appellant, R.J. Chiodini and appellee, David Lock.[1] Both parties live on Jimmy Creek Road in Fox, Arkansas. Lock's land lies north of Chiodini's. In the first lawsuit filed in 2005, Chiodini alleged that Lock had constructed a fence in 1995 or 1996 that breached the boundary line between them and encroached on approximately three acres of Chiodini's land. Chiodini believed that there was a boundary by agreement in an old fence line that did not encroach on Chiodini's land. The circuit court disagreed, finding that the true boundary was the line shown by the Gorton survey, which is slightly farther south of the new fence line. Chiodini appealed, and we affirmed the circuit court's decision

---

[1]Throughout these proceedings, Chiodini and Lock have represented themselves pro se.

and remanded to the circuit court for it to specifically describe the boundary line as reflected in the Gorton survey. *Chiodini v. Lock*, 2010 Ark. App. 340, 374 S.W.3d 835 (*Chiodini I*).[2] Chiodini filed another lawsuit in 2011 alleging adverse possession of the same land, which suit was dismissed and title quieted in Lock. On appeal, we affirmed the circuit court's dismissal of the lawsuit. *Chiodini v. Lock*, 2014 Ark. App. 219 (*Chiodini II*).

The most recent litigation began when Chiodini filed a complaint in January 2022 asserting that he had adversely possessed all the lands south of the newer fence line and east of Jimmy Creek Road ever since the end of the last litigation. Lock responded that the correct boundary had been fully and finally litigated to be the Gorton survey line, that Chiodini had recently, in 2020 or 2021, wrongly bulldozed trees and flags marking the survey line that had been placed by the surveyor, and that Lock was tired of being harassed. Lock said that the fence he constructed in 1995 or 1996 was only to contain cattle, not to mark the boundary and that the actual boundary line was settled by the Gorton survey and was farther south of the cattle fencing. In 2011 or 2012, Lock fenced the survey line on the west side of the Road but not the east side although survey markers remained on the survey line east of the road. In 2022, Lock placed fence posts on the survey line on the east side of Jimmy Creek Road. Lock alleged that he (Lock) had bushhogged and allowed horses to

---

[2]In a related appeal, *Chiodini v. Lock*, 373 Ark. 88, 281 S.W.3d 728 (2008), involving these parties and the same boundary-line issue, Chiodini attempted to appeal the denial of a hearing for a preliminary injunction and the denial of motions related to alleged discovery violations. The supreme court denied Chiodini's request for a writ of certiorari.

2

pasture on his property on the east side of the road. Lock requested to be reimbursed for damages to his property and for Chiodini's complaint to be dismissed.

As discovery progressed, Chiodini filed a motion for sanctions against Lock alleging that Lock had been untruthful and evasive, which motion was denied. At the conclusion of the bench trial, the circuit court denied Chiodini's most recent claim of adverse possession. Chiodini filed a motion for new trial alleging bias and prejudice on the part of the circuit court against him (Chiodini) and alleging that there had been a miscarriage of justice. The circuit court treated the new-trial motion as a motions to recuse and to reconsider. The circuit court denied the motion to recuse but issued amended findings of fact and conclusions of law. Chiodini filed an objection to the amended findings alleging bias and prejudice, again requested a new trial and the court's recusal, and alternatively, asked the circuit court to take additional testimony to clarify errors of fact or law. These motions were denied. The circuit court filed an amended decree in January 2023, and a notice of appeal was filed in February 2023. Only Chiodini filed an appellate brief.

Appellant asserts six points on appeal, all alleging that the circuit court abused its discretion in the following ways: (1) by displaying bias and prejudice against him; (2) by not holding Lock in contempt for providing untruthful responses in his answer, during discovery, and during trial; (3) by making rulings and findings on assumptions and extrapolations, not on viable testimony or evidence; (4) by knowingly including erroneous facts in its findings to his detriment; (5) by erroneously concluding that the land at issue was

3

wild and unimproved and that res judicata controlled; and (6) by not granting him a new trial or allowing additional testimony.

Appellant's first point is that the circuit court was biased against him and should have recused. We review a circuit court's denial of a motion to recuse under an abuse-of-discretion standard. *Ferguson v. State*, 2016 Ark. 319, 498 S.W.3d 733. A clearly erroneous interpretation or application of a law or rule will constitute a manifest abuse of discretion. *Id.* There also exists, however, a presumption of impartiality. *Irvin v. State*, 345 Ark. 541, 49 S.W.3d 635 (2001). The decision to recuse is within the circuit court's discretion, and it will not be reversed absent abuse. *Ferguson, supra.* An abuse of discretion can be proved by a showing of bias or prejudice on the part of the circuit court, and the burden is on the party seeking to disqualify. *Id.* To decide whether there has been an abuse of discretion, we review the record to see if prejudice or bias was exhibited. *Id.* Absent some objective demonstration by the appellant of the circuit judge's prejudice, it is the communication of bias by the judge that will cause us to reverse his or her refusal to recuse. *Id.* Whether a judge has become biased to the point that the judge should disqualify himself or herself is a matter to be confined to the conscience of the judge because bias is a subjective matter peculiarly within the knowledge of the circuit judge. *See Hawkins v. State*, 2018 Ark. App. 443, 558 S.W.3d 891.

We hold that the circuit court did not abuse its discretion. Our review of the record makes it apparent that the circuit court was trying to keep both pro se parties on track during the litigation. It urged both sides to obtain legal representation because the litigation "has

been awkward, painful, and tumultuous." The judge remarked that just because the court ruled against a party did not necessarily mean the court was biased and that it was never the court's intention to be inordinately rude or disrespectful to anyone. The court declined to recuse or grant a new trial on the basis of alleged prejudice and bias. We acknowledge that the circuit court was abrupt at times, and appellant expressed that he felt intimidated by the circuit court, but on this record, we are not convinced that the circuit court abused its discretion in declining to recuse.

Appellant's second point on appeal is that the circuit court abused its discretion in not holding Lock in contempt of court for providing untruthful responses in his answer to the complaint, during discovery, and at trial. The making of a false statement may constitute contumacious conduct if it obstructs the judicial process. *Jolly v. Jolly*, 290 Ark. 352, 356, 719 S.W.2d 430, 432 (1986); *Ellis v. Ellis*, 2017 Ark. App. 661, 536 S.W.3d 166. The circuit court recognized that Lock had been difficult and less than cooperative in discovery. The circuit court, however, challenged appellant on his perception that the court allowed the opposing side to lie with no consequence. The circuit court remarked that it took inconsistent or untrue statements into account when determining the credibility of testimony. We hold that appellant failed to demonstrate reversible error on this issue.

Appellant's remaining arguments can be considered collectively because they are an attack on the circuit court's assessment of the evidence presented at trial. Appellant argues that the circuit court made rulings and findings on assumptions, extrapolations, and evidence not supported by testimony at trial. Appellant pointed out many of the alleged

errors to the circuit court in his motion for new trial. In response, the circuit court issued amended findings and granted much of the relief requested by appellant. Thereafter, the circuit court entered a final "first amended decree" that superseded the previous order, which was a simplified decision on the merits.

On the merits of the lawsuit, we will affirm unless the circuit court's findings are clearly against the preponderance of the evidence. *Strother v. Mitchell*, 2011 Ark. App. 224, 382 S.W.3d 741. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite conviction that a mistake was committed. *Id.* In reviewing a circuit court's findings of fact, we give due deference to the circuit court's superior position to determine the credibility of the witnesses and the weight to be accorded the testimony. *Id.*

In our review of the testimony and evidence, appellant simply disagrees with the circuit court's assessment and characterization of the evidence as a whole. However, it is the circuit court's function in a bench trial to determine the facts. While it may not craft facts out of whole cloth, it may make reasonable inferences from the evidence presented. After our de novo review of this record, we are not left with a firm conviction that the circuit court committed reversible error.

Affirmed.

THYER and WOOD, JJ., agree.

*Rodrick J. Chiodini*, pro se appellant.

One brief only.