Cite as 2026 Ark. App. 120

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-24-845

| | |
|---|---|
| CHRISTOPHER WEATHERLY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered February 25, 2026<br><br>APPEAL FROM THE GRANT COUNTY CIRCUIT COURT<br>[NO. 27CR-14-51]<br><br>HONORABLE STEPHEN L. SHIRRON, JUDGE<br><br>AFFIRMED |

**ROBERT J. GLADWIN, Judge**

This is an appeal of the Grant County Circuit Court's denial of appellant Christopher Weatherly's motion for new trial following the revocation of his probation. Weatherly argues that the circuit court erred in denying his motion because the judge was disqualified to preside over the revocation proceeding. Weatherly also maintains that his waiver of the disqualification at the revocation hearing was invalid. We affirm.

## I. *Background Facts*

On July 9, 2014, Weatherly entered a plea of guilty in the Grant County Circuit Court to residential burglary and theft of property. He was sentenced to fifteen years of supervised probation. At the time, Stephen Shirron was the prosecuting attorney representing the State. On April 14, 2024, the State filed a petition to revoke Weatherly's probation alleging that he violated several conditions, including committing public

intoxication, drinking in public, possession of drug paraphernalia, driving while intoxicated, testing positive for controlled substances and alcohol, failing to report, and failing to attend inpatient and outpatient treatment.

Weatherly tested positive for controlled substances at the first revocation hearing; therefore, it was continued to a later date. On June 25, 2024, shortly after the second revocation hearing had begun, Grant County Circuit Court Judge Stephen Shirron realized that the probation the State was seeking to revoke stemmed from a 2014 case in which he was the prosecuting attorney. Judge Shirron stated that he did not recollect anything about Weatherly's case and asked whether the parties objected to his presiding over the hearing. After privately conferring with his attorney off the record, Weatherly's counsel informed the court that Weatherly did not object to Judge Shirron presiding over the case.

At the close of evidence, the circuit court found that Weatherly had violated the conditions of his probation and sentenced him to twenty years' imprisonment in the Arkansas Division of Corrections. The sentencing order was filed on July 2, 2024. On July 30, Weatherly moved for a new trial and argued that Judge Shirron's involvement as prosecutor and judge violated his right to due process. The circuit court denied the motion on August 29. Weatherly filed a timely notice of appeal; this appeal followed.

II. *Standard of Review*

The decision whether to grant or deny a motion for new trial lies within the sound discretion of the circuit court. *Smart v. State*, 352 Ark. 522, 104 S.W.3d 386 (2003); *State v. Cherry*, 341 Ark. 924, 20 S.W.3d 354 (2000). This court will not reverse a circuit court's

2

order granting or denying a motion for a new trial unless there is a manifest abuse of discretion. *Id.* Likewise, a circuit court's recusal decision is reviewed for an abuse of discretion. *E.g.*, *Fergusson v. State*, 2016 Ark. 319, 498 S.W.3d 733. In the context of a decision to recuse, "[a] clearly erroneous interpretation of a law or rule will constitute a manifest abuse of discretion." *Id.* at 6, 498 S.W.3d at 737.

## III. *Discussion*

On appeal, Weatherly argues that the circuit court erred in denying his motion for a new trial because Judge Shirron's involvement in the case as both prosecutor and judge violated the Fourteenth Amendment to the United States Constitution and amendment 80, section 12 of the Arkansas Constitution. Weatherly also argues that his waiver of the disqualification was (1) untimely because a witness had already started to provide testimony and (2) legally insufficient because the "three-step procedure" outlined in Rule 2.11(C) of Arkansas Code of Judicial Conduct was not properly followed.

Amendment 80, section 12 states, "[N]o . . . judge shall preside or participate in any case . . . in which he or she may have been counsel." Similarly, Rule 2.11(A)(6)(a) of the Arkansas Code of Judicial Conduct provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned," including when "[t]he judge served as a lawyer in the matter in controversy." Arkansas Code Annotated section 16-13-214 (Repl. 2010)—the judicial-disqualification statute—states that "[n]o judge of the circuit court shall sit on the determination of any case in which he or she has . . . been of counsel in the case . . . or is otherwise disqualified under the Arkansas Code

of Judicial Conduct, unless the parties waive the disqualification as provided therein." Ark. Code Ann. § 16-13-214. Finally, the waiver provision of Arkansas Code of Judicial Conduct Rule 2.11(C) states as follows:

> A judge subject to disqualification under this Rule, other than for bias or prejudice under paragraph (A)(1), may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, outside the presence of the judge and court personnel, whether to waive disqualification. If, following the disclosure, the parties and lawyers agree, without participation by the judge or court personnel, that the judge should not be disqualified, the judge may participate in the proceeding. The agreement shall be incorporated into the record of the proceeding.

In his motion for new trial, Weatherly argued that his due-process rights were violated by the judge not disqualifying himself and, furthermore, that it was not necessary for Weatherly to move for the judge to recuse himself because Judge Shirron was required by the judicial code to recuse himself. However, Weatherly made no reference to his waiver of the disqualification in his motion. Accordingly, the circuit court denied the motion for new trial, stating that it had "specifically advised the parties about the potential conflict and both the State and the defense agreed to waive any potential conflict."

We find that the circuit court's denial of Weatherly's motion for new trial did not constitute a manifest abuse of discretion. As stated, the motion argued that disqualification of Judge Shirron was required for due process; however, the motion entirely ignored the fact that the court made Weatherly aware of the conflict of interest at the beginning of the revocation hearing, and after privately consulting with counsel, Weatherly waived the conflict, and the revocation proceeding continued. And as Weatherly correctly acknowledges

4

on appeal, a defendant may waive a circuit court's disqualification. *See Rawlins v. State*, 2024 Ark. App. 83, 684 S.W.3d 602 (holding that disqualification of judge wherein judge was counsel does not constitute an absolute disqualification but can be waived by consent); *see also* Ark. Code Ann. § 16-13-214; Ark. Code Jud. Conduct R. 2.11(C).

Regarding Weatherly's argument on appeal that the particulars of the waiver were untimely and insufficient, we agree with the State that this argument is not preserved for appellate review because Weatherly raised it for the first time on appeal. It is well settled that this court will not address an issue raised for the first time on appeal, even a constitutional argument. *See Rawlins*, *supra*. Nonetheless, Weatherly's argument that the waiver was insufficient lacks merit. A review of the record reflects that the waiver provisions in Arkansas Code Annotated section 16-13-214 and Rule 2.11(C) of the judicial code were followed. Judge Shirron advised the parties on the record that he served as the prosecuting attorney when the charges were filed against Weatherly; Weatherly and his counsel conferred outside the presence of the judge and court personnel and thereafter agreed to waive the disqualification; and the waiver was incorporated into the record of the proceedings. Accordingly, we find that the circuit court's denial of Weatherly's motion for new trial was not a manifest abuse of discretion.

IV. *Conclusion*

For the reasons set forth above, we affirm the circuit court's order denying Weatherly's motion for a new trial.

Affirmed.

WOOD and MURPHY, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, and *Drew Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.